458 A.2d 239

**COMMONWEALTH of Pennsylvania**

**v.**

**Edward P. KALE, Sr., Appellant.**

Superior Court of Pennsylvania.

Submitted March 2, 1982.

Filed March 25, 1983.

Petition for Allowance of Appeal Denied July 22, 1983.

Horace M. Ehrgood, Lebanon, for appellant.

William L. Thurston, Assistant District Attorney, Lebanon, for Commonwealth, appellee.

Before WIEAND, BECK and HOFFMAN, JJ.

WIEAND, Judge:

This is an appeal from an order denying four of five P.C.H.A. petitions, each of which sought to withdraw a separate plea of guilty.[1] The order was entered following a consolidated hearing at which appellant was represented by court appointed counsel. Appellant contends, as he did in the court below, that the guilty plea colloquies were defective in all instances for failing to recite the elements of the offenses to which pleas of guilty were being entered and that trial counsel was ineffective for failing to ensure that the guilty pleas were entered knowingly, intelligently and voluntarily. A brief review of the guilty plea proceedings is necessary to an understanding of appellant's several contentions and our decision to affirm the order of the trial court.

On July 25, 1972, the appellant, Edward P. Kale, Sr., entered a counseled plea of guilty to a charge of operating a motor vehicle while under the influence of alcohol. Although the trial court did not specifically enumerate and define the elements of the offense during the guilty plea colloquy, appellant told the court that he understood the elements and nature of the offense to which he was pleading guilty. On October 24, 1972, appellant entered a plea of guilty to a second and subsequent charge of operating a

---

1. The fifth P.C.H.A. petition was filed for the purpose of withdrawing a plea of guilty which had been entered in 1969 to a charge of turning in a false fire alarm. The hearing court allowed this plea to be withdrawn and awarded a new trial because there was no record of the guilty plea colloquy, if any. This order was not appealed by the Commonwealth.

motor vehicle while under the influence of alcohol. This plea of guilty was negotiated by appellant's counsel. The guilty plea colloquy was full and complete, contained an enumeration of the elements of the offense, and established a factual basis for the entry of a plea of guilty. On the same day, October 24, 1972, appellant was sentenced on his pleas to both driving while under the influence offenses. For the first offense he was sentenced to pay a fine of $300.00 plus costs of prosecution. For the second offense, he was sentenced to undergo imprisonment for not less than 11½ nor more than 23 months. No direct appeal was filed from either judgment of sentence.

On July 3, 1973, appellant entered a negotiated plea of guilty to two counts of turning in false fire alarms. The false alarms had been turned in on May 5, 1973, while Kale was on work release from the Lebanon County Prison. Although the record colloquy does not contain a further enumeration of the elements of the offense, appellant did tell the trial court that he had discussed the same with his attorney and understood them. He was committed the same day to Wernersville State Hospital for examination, diagnosis and treatment on account of a history of alcoholism. On September 4, 1973, he was sentenced to pay fines of $400.00 and to serve two consecutive terms of imprisonment for not less than one nor more than two years, the sentences to run concurrently with the balance of the sentence for driving while under the influence. There were no appeals from these sentences.

Finally, on May 5, 1977, Kale entered a counseled plea of guilty to theft by unlawful taking.[2] The plea was entered immediately prior to commencement of trial. The charge was explained during the guilty plea colloquy as follows: "In that on or about January 2nd of 1977 you did exercise an unlawful control of removable property of another, namely, a dog valued in the amount of approximately

2. The record discloses an unresolved conflict in the testimonies of appellant and his trial counsel as to whether the plea was entered pursuant to a plea bargain requiring a suspended sentence.

$150.00, the property of Harold Spangler." On June 20, 1977, he was sentenced to pay a fine, make restitution and was placed on probation for a period of two years. Again, no appeal was filed.

We find it unnecessary to consider the merits of appellant's several petitions. He has failed completely to explain the delays, which vary from 7 years, 6 months to 2 years, 10 months, in filing requests to withdraw these pleas of guilty. He has neither alleged nor proved that he was unaware of his appellate rights or that counsel was ineffective for failing to pursue an expressed desire to appeal. These unexplained delays bar a consideration of the merits of the several claims which appellant seeks to assert in collateral attacks on his prior convictions. *Commonwealth v. Shaffer*, 498 Pa. 342, 354, 446 A.2d 591, 597 (1982) (Concurring Opinion by Roberts, J., with O'Brien, C.J., and Nix, J., joining); *Commonwealth v. Minarik*, 493 Pa. 573, 583, 427 A.2d 623, 628–629 (1981) (Concurring Opinion by Roberts, J., with O'Brien, C.J., and Nix, J., joining). See also: *Commonwealth v. Gardner*, 499 Pa. 263, 266 n. 2, 452 A.2d 1346, 1347 n. 2 (1982); *Commonwealth v. Jumper*, 494 Pa. 451, 454, 431 A.2d 941, 942 (1981); *Commonwealth v. Shore*, 487 Pa. 534, 541, 410 A.2d 740, 744 (1980) (Concurring Opinion by Roberts, J.): *Commonwealth v. Roach*, 307 Pa.Super. 506, 509, 453 A.2d 1001, 1003 (1982). Cf. *Commonwealth v. Thompson*, 302 Pa.Super. 19, 26, 448 A.2d 74, 77 (1982);

In *Commonwealth v. Shaffer, supra,* a majority of the Supreme Court, in an opinion by Flaherty, J., repeated the principle of law which holds: "When considering a petition to withdraw a guilty plea submitted to a trial court *after sentencing* ... it is well established that 'a showing of prejudice on the order of manifest injustice,' *Commonwealth v. Starr*, 450 Pa. 485, 490, 301 A.2d 592, 595 (1973), is required before withdrawal is properly justified." *Id.* 498 Pa. at 346, 446 A.2d at 593 (emphasis in original). The majority went further and held that in determining whether manifest injustice had occurred it would not apply a per se

rule. Instead, it held that a record colloquy which fails to include a statement of the elements of an offense will not demonstrate "prejudice in the order of manifest justice" if all the circumstances disclose that the plea of guilty was, in fact, entered knowingly, intelligently and voluntarily. See also: *Commonwealth v. Martinez,* 499 Pa. 417, 453 A.2d 940 (1982).

Because it is unnecessary to reach the merits of appellant's claims, we neither decide nor express opinion regarding the existence of prejudice on the order of manifest injustice where a record colloquy fails to contain a statement of the elements of the offense but (1) a counseled plea is the product of negotiations, or (2) a defendant has discussed the elements of an offense with his attorney and assures the trial court that he understands the nature and elements of the offense to which he is pleading guilty, or (3) the elements of an offense are contained in the title of the offense, as, for example, operating a vehicle while under the influence of intoxicating liquor and/or turning in false fire alarms, or (4) the defendant has previously pleaded guilty to the same offense, or (5) the defendant has neither alleged nor proved that he failed, in fact, to understand the offense to which he entered a plea of guilty.

Order affirmed.