462 A.2d 264

**COMMONWEALTH of Pennsylvania**

v.

**Solomon A. MURRAY, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted March 22, 1983.

Filed July 1, 1983.

Solomon A. Murray, appellant, in propria persona.

Katherene E. Holtzinger, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before CERCONE, President Judge, and CIRILLO and HOFFMAN, JJ.

CERCONE, President Judge:

Solomon A. Murray, Jr., was convicted by a jury of murder in the first degree and was sentenced on August 12, 1976, to serve a life term of imprisonment. Counsel other than trial counsel presented his direct appeal to our Supreme Court, which affirmed *per curiam* on June 22, 1977.[1] Soon after, appellant, represented by yet another attorney, filed a petition under the Post Conviction Hearing Act,[2] in which he alleged trial counsel's ineffectiveness in various respects and infringement of his right against self-incrimination. The lower court denied the requested relief without a hearing. The Supreme Court affirmed the lower court without reaching the merits of appellant's contentions. That court, in an opinion by then Mr. Justice O'Brien (with Mr. Justice Pomeroy concurring in order of affirmance and Mr. Justice Roberts, Manderino and Nix dissenting) concluded that appellant's counsel on direct appeal, in failing to allege trial counsel's ineffectiveness, waived the issue. And, as appellant did not allege appellant counsel's ineffectiveness for failing to do so in the PCHA petition then before the Supreme Court, appellant had preserved no cognizable issues on appeal.

Appellant then filed a second P.C.H.A. petition, by yet a fourth attorney, in which he alleged ineffectiveness of trial, appellate, and first PCHA counsel. The lower court also denied that petition without a hearing on December 7, 1981, and adopted the Answer of the Commonwealth as "completely, accurately and authoritatively disposing of all issues raised."

The Post Conviction Hearing Act was designed to give a convicted defendant a final opportunity to vindicate his constitutional right to due process of law to the extent that questions raised had not been previously adjudicated or waived. *Commonwealth v. Rightnour*, 469 Pa. 107, 364 A.2d 927 (1976). There is no question that the issues which

1. 473 Pa. 317, 374 A.2d 534 (1977).

2. 42 Pa.C.S.A. § 9541, et al.

appellant raises have not been finally litigated or waived, since appellant has properly alleged the existence of extraordinary circumstances to justify his failure to raise the issues previously. 42 Pa.C.S.A. § 9544(b)(2).[3]

Moreover, appellant is entitled to a hearing on his petition if it alleges facts that, if proven, would entitle him to relief. 42 Pa.C.S.A. § 9549(a). Appellant alleges seven specific instances of trial counsel's ineffectiveness. These include (1) counsel's refusal to present a defense; more specifically, to pursue appellant's intoxication at the time of the incident as a way to negative the specific intent required for first degree murder; counsel also refused to call four defense witnesses, some of whom would have established the fact of appellant's intoxication; (2) the fact that counsel refused to cross examine a majority of the Commonwealth's witnesses; (3) counsel's failure to object to a Commonwealth witness's reference to appellant's post arrest silence; (4) counsel's failure to inform appellant of his right to assist in jury selection; (5) failure to object to certain of the Commonwealth's hearsay evidence; (6) counsel's introduction of hearsay which was prejudicial to appellant; and (7) counsel's failure to impeach a particular Commonwealth witness. Appellant also alleged the ineffectiveness of all counsel subsequent to trial counsel for their failure to allege their ineffectiveness.

It is well settled that

counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interest.... (Emphasis in original.) *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604, 235 A.2d 349, 352 (1967).

However,

It is only when the claim which was foregone was of arguable merit that we must make an inquiry into the

**3.** Ineffective counsel constitutes such "extraordinary circumstances" as will justify the failure to raise issues previously. *Commonwealth v. Wideman,* 453 Pa. 119, 306 A.2d 894 (1973).

basis for [post-trial counsel's] decision not to pursue the matter. *Commonwealth v. Hubbard,* 472 Pa. 259, 278, 372 A.2d 687, 696 (1977).

Our review of the trial record persuades us that some of appellant's allegations are well-founded and may constitute reversible error.

However, even if error was committed, the appellate court must examine counsel's basis for not objecting because failure to object does not necessarily constitute ineffectiveness. *Commonwealth v. Zimmerman,* 264 Pa.Superior Ct. 307, 312, 399 A.2d 1064, 1067 (1979).

Because appellant has never been granted a hearing on his Post Conviction Hearing Act allegations, we reverse the order of the lower court and remand for an evidentiary hearing on appellant's petition. Jurisdiction is relinquished.