463 A.2d 1179

COMMONWEALTH of Pennsylvania

v.

**Matthew GRAY, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted March 29, 1983.

Filed July 29, 1983.

Carmela R.M. Presogna, Assistant Public Defender, Erie, for appellant.

Frank J. Scutella, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before CAVANAUGH, BROSKY and MONTGOMERY, JJ.

PER CURIAM:

Appellant Matthew Gray appeals the trial court's summary dismissal [1] of his petition under the Post-Conviction Hearing Act, 19 P.S. § 1180–1 *et seq.* We reverse and remand for an evidentiary hearing.

---

**1.** Two orders, dated June 1, 1981, and June 17, 1981, were entered by the lower court. Both orders denied post-conviction relief without a hearing. Appellant's two appeals from these orders were consolidated and this opinion relates to both orders.

Appellant apparently entered a plea of guilty to the charge of robbery at No. 114 of 1973 on September 14, 1973. Sentencing was deferred and he was released on bond. He failed to report for the scheduled sentencing and was not sentenced until three years later, at which time he also pled guilty to robbery and other charges at No. 66, 67, 68 and 69 of 1976. Appellant did not file either an appeal or a motion to withdraw his guilty plea. On February 4, 1981, he filed the instant P.C.H.A. petition *pro se.* Counsel was appointed and an amended petition was filed. Two continuances were granted while the court administrator attempted to locate the transcript of the September 14, 1973 plea colloquy. The transcript was never located. The trial court then dismissed appellant's petition without a hearing as being frivolous and waived.

On this appeal, appellant argues that his petition should not have been dismissed without a hearing, especially in view of the lack of a transcript from the original plea colloquy. We agree. Under the Post-Conviction Hearing Act, the court may dismiss a petition without a hearing if the petitioner's claims are patently frivolous and without a trace of support in the record. 19 P.S. § 1180–9. Unless a court is absolutely certain of the patent frivolousness of an issue in a post-conviction petition, it must grant a hearing. *Commonwealth v. Laboy*, 460 Pa. 466, 333 A.2d 868 (1975). In borderline cases, the petitioner should be given "every conceivable legitimate benefit" in favor of the grant of a hearing. *Commonwealth v. Reider*, 267 Pa.Super. 359, 406 A.2d 1081 (1979). If, on review, we are unable to tell from the state of the record whether appellant's claims are frivolous and without support, we must remand for an evidentiary hearing. *Commonwealth v. Swift*, 299 Pa.Super. 77, 445 A.2d 156 (1982).

In this case, appellant alleges, *inter alia,* that his plea was not knowingly and voluntarily entered. Even in cases where we have had a record of the plea colloquy, we have recognized the petitioner's right to present additional evidence where that record did not clearly refute his claim.

*Commonwealth v. Rusinko*, 303 Pa.Super. 216, 449 A.2d 656 (1982). In the instant case, we have no record at all of the original plea proceeding. The determination of whether the plea was indeed knowing and voluntary is necessarily a factual matter to be resolved by the trial court, *Commonwealth v. Johnson*, 460 Pa. 303, 333 A.2d 739 (1975). We must, therefore, remand this matter for an evidentiary hearing on appellant's claims.[2]

Orders vacated and case remanded for an evidentiary hearing. We do not retain jurisdiction.

2. The Commonwealth contends, in addition, that appellant has waived these claims. Appellant alleges, however, trial counsel's ineffectiveness in this regard. Since this is the first proceeding at which appellant has been represented by counsel other than trial counsel and since we do not have the benefit of a trial court's factual findings on this issue, we cannot, at this stage of the proceedings, agree. See, *Commonwealth v. Paige*, 287 Pa.Super. 133, 429 A.2d 1135 (1981).