470 A.2d 1004

**COMMONWEALTH of Pennsylvania**

**v.**

**Wade Douglas HAIRSTON, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 23, 1983.

Filed Jan. 20, 1984.

Petition for Allowance of Appeal Denied April 30, 1984.

450

Wade Douglas Hairston, Harrisburg, appellant, in propria persona.

Katherene E. Holtzinger, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before WIEAND, CIRILLO and JOHNSON, JJ.

JOHNSON, Judge:

Appellant Wade Douglas Hairston appeals the trial court's summary dismissal of his pro se and supplemental PCHA [1] petitions. We reverse and remand for an evidentiary hearing.

The record indicates that appellant entered guilty pleas to charges of murder,[2] robbery[3] and burglary[4] on April 19, 1977. Upon accepting the plea, the trial court conducted a degree of guilt hearing concerning the murder plea and found appellant guilty of murder in the second degree. Appellant was immediately sentenced to a term of life imprisonment on the murder charge and ten to twenty years on the robbery and burglary charges, both to run consecutively to the life sentence. No motion to withdraw the guilty plea nor direct appeal was filed. On December 15, 1981, appellant filed his pro se PCHA petition. Following the filing of a supplemental, counseled PCHA petition

1. Act of January 25, 1966, P.L. (1965) 1580, § 1 et seq., 19 P.S. § 1180–1 et seq., repealed and reenacted by Act of May 13, 1982, P.L. 417, No. 122, §§ 2, 3, immediately effective, 42 Pa.C.S.A. § 9541 et seq.

2. 18 Pa.C.S.A. § 2502.

3. *Id.* § 3701.

4. *Id.* § 3502.

and answer by the Commonwealth, the trial court denied the petitions on June 16, 1982 without a hearing. That order stated:

## OPINION AND ORDER

The Court adopts the Commonwealth's Answer as completely, accurately and authoritatively disposing of all issues raised.

Accordingly, defendant's Supplemental Petition under the Post Conviction Hearing Act is denied without a hearing.

Appellant filed his notice of appeal on June 22, 1982. Subsequently, on July 1, 1982, the trial court issued a second order reaffirming its June 16th order dismissing appellant's petition without a hearing but also vacating appellant's sentence for robbery.[5]

However, because notice of appeal had already been filed at the time of this second order, it was a nullity. Pa.R.A.P. 1701; 42 Pa.C.S.A. § 5505; *Commonwealth v. Lynch*, 304 Pa.Super. 248, 450 A.2d 664 (1982). We do note that the trial court's conclusion is correct; the robbery sentence merged into the murder conviction. *Commonwealth v. Tarver*, 493 Pa. 320, 426 A.2d 569 (1981).

Appellant raises several issues on this appeal: (1) was his guilty plea entered knowingly, voluntarily and intelligently, (2) should he be permitted to file a motion to withdraw his guilty pleas *nunc pro tunc* and (3) should the robbery sentence be vacated.

Various substantive issues are raised pursuant to the first issue, which we need not now discuss, as appellant has alleged that he was not informed of the 30 day time period in which to file a direct appeal. Our review of the guilty plea colloquy confirms that the trial court did not inform

5. The Commonwealth's Answer to appellant's Petition, filed April 29, 1982, stated that "the robbery sentence must merge with the murder sentence." The July 1 order was therefore apparently in clarification of the court's prior order adopting the Commonwealth's Answer.

appellant of this time period. The law is clear that unless a court is absolutely certain of patent frivolousness of the issues in a PCHA petition, it must grant a hearing; in borderline cases, the petitioner should be given every conceivable legitimate benefit in favor of granting the hearing. *Commonwealth v. Gray*, 317 Pa.Super. 248, 463 A.2d 1179 (1983).

■ The trial court admits, in its opinion, that appellant was not informed of the 30 day direct appeal period, but denies relief, inter alia, on the basis of appellant's four and one-half year delay in filing his PCHA petition. However, we note that appellant implicitly has explained the delay in filing his petition and his reasons for not filing a direct appeal; that he was not informed of the time period in which to do so. Therefore, appellant's PCHA petition cannot be dismissed as untimely, as he has alleged the deprivation of his appellate rights. *See Commonwealth v. Kale*, 312 Pa.Super. 69, 458 A.2d 239 (1983); *Commonwealth v. Wallace*, 229 Pa.Super. 172, 323 A.2d 182 (1974).

■ There is also no waiver under the provisions of the PCHA where the petitioner proves the existence of "extraordinary circumstances" justifying his failure to raise the issue on direct appeal 19 P.S. § 1180–4(b)(2). A denial of appellate rights is such an extraordinary circumstance. *Commonwealth v. Jones*, 477 Pa. 266, 383 A.2d 926 (1978).

■ We note that a determination of whether a defendant's guilty plea was knowing and voluntary is a factual matter to be resolved by the trial court. *Commonwealth v. Lowery*, 438 Pa. 89, 263 A.2d 332 (1970); *Commonwealth v. Gray, supra.* We must, therefore, remand this matter for an evidentiary hearing on *all* of appellant's claims properly raised in his PCHA petitions. *Commonwealth v. Lowery, supra.*

The orders dated June 16, and July 1, 1982 are vacated and the case remanded for (1) an evidentiary hearing on

appellant's PCHA petition and (2) vacation of appellant's sentence for robbery.

Jurisdiction is not retained.

WIEAND, J., concurs in the result.

CIRILLO, J., files a dissenting opinion.

CIRILLO, Judge, dissenting:

I respectfully dissent. The majority holds that since the appellant was not informed that he had 30 days within which to perfect a direct appeal, his delay of 4 years, 8 months in filing a P.C.H.A. Petition was implicitly explained and, therefore, he is entitled to an evidentiary hearing. I cannot condone such an abuse of the Post Conviction Hearing Act.

During the proceedings held on April 19, 1977, the Honorable John C. Dowling took the time on 2 occasions to inform the appellant of his right to file a direct appeal.[1]

THE COURT: The only rights you have, after you are found guilty, would be to file an appeal, a direct appeal to the Supreme Court or Superior Court in which the only thing you could question then really would be the voluntariness of the pleas, the legality of any sentence imposed and the jurisdiction of the Court. Other than that, you are pretty well precluded when you plead guilty from raising any other matters. Is that understood?

THE DEFENDANT: Yes sir.

(N.T. at 17).

THE COURT: ... Now you have been sentenced, Mr. Hairston, and you have the right to file a direct appeal from your judgment of sentence to the Superior Court. If you wish to file such an appeal and are unable to afford counsel, counsel will be provided as it has been

---

1. Furthermore, W. Wayne Pushon, deputy district attorney of Dauphin County, informed the appellant of his right to file post-trial motions alleging any errors which may have taken place in the degree of guilt hearing. (N.T. at 18).

heretofore, counsel will be provided for you free of charge.

(N.T. at 140).

It is admitted that the appellant was never informed that he had only 30 days to appeal. *See:* Pa.R.A.P. 903(a); 42 Pa.C.S.A. However, he knew he had a right to appeal. Did he think that this right was perpetual? Moreover, if the appellant believed that his claims had any merit, why did he wait so long to file for post-conviction relief?

A lapse of time in filing a P.C.H.A. Petition is a factor to be considered in assessing its merit. *Commonwealth v. Courts,* 315 Pa.Super. 124, 461 A.2d 828 (1983); *Commonwealth v. Courts,* 315 Pa.Super. 108, 461 A.2d 820 (1983); *Commonwealth v. Strickland,* 306 Pa.Super. 516, 452 A.2d 844 (1983). Thus, a lengthy, unexplained delay in raising an issue will buttress the presumption of knowing and understanding waiver; conversely, the immediate attempt to gain review of alleged error at the earliest possible time would have the opposite effect. *Commonwealth v. Alexander,* 495 Pa. 26, 432 A.2d 182 (1981).

In the recent case of *Commonwealth v. Kale,* 312 Pa.Super. 69, 458 A.2d 239 (1983), a panel of this Court (per Judge WIEAND) held that the appellant's failure to completely explain delays, varying from 7 years, 6 months, to 2 years, 10 months, in filing requests to withdraw guilty pleas, barred consideration of the claims which the appellant sought to assert. So too, under the present circumstances, it is my opinion that the appellant has waived his claims under the P.C.H.A. *See: Commonwealth v. Shaffer,* 498 Pa. 342, 446 A.2d 591 (1982), (Justice ROBERTS, concurring). He has not alleged any extraordinary facts that would explain the 4 year, 8 month delay between sentencing and the filing of the P.C.H.A. Petition. Certainly, the failure to inform the appellant that he had but 30 days to appeal does not excuse such a considerable lapse of time.

The Post Conviction Hearing Act was designed to give a convicted defendant a final chance to vindicate his constitutional right to due process of law to the extent that ques-

tions raised had not been previously adjudicated or waived. *Commonwealth v. Rightnour*, 469 Pa. 107, 364 A.2d 927 (1976); *Commonwealth v. Murray*, 315 Pa.Super. 417, 462 A.2d 264 (1983). The P.C.H.A. was never meant to afford defendants endless opportunities at bombarding the judiciary with frivolous appeals, nor to make a mockery of the concept of judgment finality. Accordingly, I would hold that the merits of the appellant's case have been waived and affirm the lower court order denying post-conviction relief.