COMMONWEALTH of Pennsylvania,
Appellee,

v.

Warren T. PETERSON, Appellant.

Superior Court of Pennsylvania.

Argued April 26, 2000.

Filed July 12, 2000.

Warren T. Peterson, appellant, pro se.

Catherine L. Marshall, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before: DEL SOLE, POPOVICH and OLSZEWSKI, JJ.

POPOVICH, J.:

¶ 1 This is an appeal from the order of the Court of Common Pleas of Philadelphia County, which dismissed appellant's petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. § 9541–9546, on the ground that it was untimely filed. Upon review, we reverse and remand for appointment of counsel.

¶ 2 On April 10, 1991, appellant was sentenced to life imprisonment and other concurrent sentences following his convictions for murder in the first degree, possessing an instrument of crime and criminal conspiracy. A direct appeal was filed, and appellant's judgment of sentence was affirmed on February 28, 1992. *See Commonwealth v. Peterson*, 419 Pa.Super. 661, 609 A.2d 585 (1992). Appellant's request for a writ of allocatur was denied on August 13, 1992.

¶ 3 On January 19, 1996, appellant filed his first PCRA petition, and counsel was appointed. On September 12, 1996, after reviewing the record and corresponding with appellant, appointed-counsel Thomas W. Moore, Esquire filed a letter pursuant to *Commonwealth v. Finley*, 379 Pa.Super. 390, 550 A.2d 213 (1988), in which he set forth the issues appellant wished raised, found them to be meritless and sought to withdraw as counsel. On October 28, 1996, appellant filed a response in opposition to counsel's *Finley* letter.

¶ 4 Subsequently, on January 16, 1997, the PCRA court ordered counsel to file an amended PCRA petition within 90 days. The lower court then dismissed appellant's PCRA petition on April 15, 1997, not on the basis of counsel's *Finley* letter and an independent review by the PCRA court, but because "[t]he court has received no correspondence from the defendant and he has not written to his attorney regarding any issues." PCRA Order, 4/15/97.

¶ 5 On May 12, 1997, appellant filed a *pro se* appeal and requested appointment of counsel. On June 25, 1997, a letter was sent by the Office of Criminal Listing of the Trial Division of the Court of Common Pleas of Philadelphia County to Attorney Moore, indicating that he remained counsel-of-record and was required to represent appellant in his PCRA appeal pursu-

ant to Pa.R.Crim.P. 316(c)(iii), unless he was able to produce a court order granting him permission to withdraw. Apparently, Attorney Moore did not contact that office or seek an order expressly granting permission to withdraw as he remained listed as counsel of record on appeal to this court.

¶ 6 In response to appellant's *pro se* notice of appeal, on January 12, 1998, the PCRA court filed an opinion in which its analysis, in its entirety, reads: "Based on this Court's review and counsel's letter, a determination was made that [appellant's] petition was without arguable merit and properly dismissed pursuant to *Commonwealth v. Finley*, 379 Pa.Super. 390, 550 A.2d 213 (1988)." PCRA Opinion, 1/12/98, p.3. However, as previously stated, appellant's PCRA petition was not actually dismissed based upon counsel's *Finley* letter and an independent review by the court. Rather, it was dismissed because appellant or his counsel did not file an amended PCRA petition as ordered by the court. In addition, we reiterate that nowhere on-the-record was Thomas W. Moore, Esquire expressly granted leave to withdraw as counsel.[1]

¶ 7 On appeal, this court, on April 3, 1998, dismissed appellant's appeal "without prejudice to Appellant's rights under the Post Conviction Relief Act[,]" since counsel failed to file a brief on appellant's behalf.[2]

¶ 8 Upon remand to the Court of Common Pleas of Philadelphia County, appellant filed another PCRA petition on July 15, 1998, in which he claimed:

1. Appellate counsel was ineffective for not raising trial counsel's ineffectiveness for failing to introduce character testimony;

2. Appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness for failing to object to the trial court's error in mistakenly instructing the jury on how to view the crimen falsi conviction of Paul Dennis;

3. Appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness for failing to litigate a severance motion on the basis that co-defendant Wilson's statement could not be adequately redacted;

4. Appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness for failing to object to Paul Dennis' testimony.

PCRA Petition, 7/15/98, p. 3.

¶ 9 In that petition, appellant did not contend that prior PCRA counsel was ineffective for seeking to withdraw or for failing to file an appellate brief. Rather, it simply reasserted those issues raised in his first PCRA petition. The lower court concluded that this was appellant's second PCRA petition and, therefore, citing 42 Pa.C.S.A. § 9545, denied appellant's PCRA petition on the grounds that it was untimely filed. This timely *pro se* appeal followed.

¶ 10 Herein, appellant again asserts those issues raised in his PCRA petitions. In addition, for the first time in this appeal, appellant contends that Thomas W. Moore, Esquire was ineffective for filing a *Finley* letter when his issues did possess arguable merit and that his petition is rendered timely by operation of 42 Pa. C.S.A. § 9545(b)(1)(i), (ii) and (iii).

¶ 11 Upon review of the record and appellant's *pro se* brief, we are convinced

---

1. It is not clear from the record why the lower court directed counsel to file an amended PCRA petition within 90 days, when counsel had already filed a *Finley* letter. Neither is it apparent why the PCRA court never acted upon counsel's *Finley* letter until one year and four months later when appellant's *pro se* appeal had been pending for eight months.

2. Further, we note that our order expressly directed the Court of Common Pleas of Philadelphia County to withhold any counsel fee's relating to the appeal to which Attorney Moore would be entitled.

that appellant's "second" PCRA petition was not untimely in violation of 42 Pa. C.S.A. § 9545(b)(1). Rather, in the interests of justice, we consider this appeal merely an extension of the litigation of appellant's first PCRA petition.

¶ 12 We so rule because of the tortured procedural history of this case. First, we reiterate that in appellant's first *pro se* appeal from denial of PCRA relief, we expressly dismissed appellant's appeal from his first PCRA petition *without prejudice to his rights under the PCRA*. In other words, we dismissed the appeal and remanded the matter to the lower court so that appellant could pursue those claims which his appointed-counsel effectively waived by failing to file an appellate brief. Although counsel may have requested to withdraw, to-date there does not exist an order which expressly granted his request. Counsel simply abandoned appellant after filing the *Finley* letter despite the fact that he was never expressly permitted to withdraw.

¶ 13 It is arguable that the lower court, in its opinion of January 12, 1998, granted counsel's request to withdraw from representation of appellant. However, we find that any action, implied or otherwise, which the PCRA court intended to take with regards to the merits of appellant's PCRA petition and Attorney Moore's request to withdraw was a legal nullity, since appellant had filed his notice of appeal eight months earlier. Pa.R.A.P. 1701; 42 Pa.C.S.A. § 5505; *Commonwealth v. Hairston*, 323 Pa.Super. 449, 470 A.2d 1004, 1006 (1984) (where notice of appeal had been filed more than thirty days prior to trial court's second order denying PCHA relief, second order was a legal nullity).

¶ 14 Appellant is clearly entitled to legal counsel in his first appeal from the denial of PCRA relief, unless counsel is properly permitted to withdraw pursuant to *Finley, supra.* Pa.R.Crim.P. 1504(d); *Commonwealth v. Quail*, 729 A.2d 571, 573 (Pa.Super.1999), citing *Commonwealth v. Keys*, 397 Pa.Super. 453, 580 A.2d 386 (1990). Appellant has been denied that right in this case due to the fact that counsel was never permitted to withdraw. More importantly, due to counsel's abandonment of appellant, his appeal was dismissed due to counsel-of-record's failure to file an appellate brief.

¶ 15 In as much as appellant is entitled to representation through the appeals process, where counsel has not been properly permitted to withdraw, we are obligated to remand this matter so that appellant may have the benefit of a counseled appeal. *Cf. Commonwealth v. Kenney*, 557 Pa. 195, 732 A.2d 1161, 1164 (1999) (where indigent PCRA petitioner's right to counsel on appeal has been effectively waived by counsel's filing of a wholly deficient brief, correct action is to remand to the PCRA court for appointment of new counsel to prosecute the PCRA action); *Quail, supra* (where appointed-counsel abandoned PCRA petitioner without leave of court to withdraw, correct action is to remand *pro se* appeal for appointment of counsel).[3]

---

**3.** We also note that appellant did not seek to raise any substantive issues in this petition upon remand which differed from those in his first PCRA petition. Thus, his case is analogous to that of *Commonwealth v. Thomas*, 396 Pa.Super. 92, 578 A.2d 422 (1990). Therein, the petitioner filed a second PCRA petition raising the same issues as those raised in his first petition for post-conviction relief. His appeal from the denial of his first post-conviction petition was dismissed due to his counsel's failure to file an appellate brief.

The lower court denied Thomas' second petition, and, on appeal, we were faced with the question of whether this was an appeal from a second petition for post-conviction relief which would warrant application of the strict standard set forth in *Commonwealth v. Lawson*, 519 Pa. 504, 549 A.2d 107 (1988). Upon review, we determined that the *Lawson* standard did not apply. In other words, we treated his second petition as his first, since his procedural non-compliance on appeal from denial of his first petition was solely due to counsel's default. *Thomas*, 578 A.2d at 422.

Likewise, we do not consider this a second PCRA petition, because it was Attorney Moore's procedural non-compliance, i.e., failure to file an appellate brief or properly with-

¶ 16 Accordingly, we reverse the order of the PCRA court which dismissed this PCRA action as untimely filed. We also remand for appointment of new counsel and the filing of either an amended PCRA petition or a new *Finley* letter, depending upon new counsel's evaluation of this matter.

¶ 17 Order reversed. Case remanded for proceedings in accordance with this decision. Jurisdiction relinquished.

draw, which caused dismissal of his first PCRA appeal.