J-S52030-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JOSEPH  CARTER :
:
Appellant : No. 170 EDA 2019

Appeal from the Judgment of Sentence Entered January 7, 2019,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0004856-2018.

BEFORE:  OTT, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED NOVEMBER 19, 2019**

Joseph Carter appeals from the judgment of sentence imposed following his conviction of robbery, conspiracy to commit robbery, theft by unlawful taking, receiving stolen property, and simple assault.[1]  We affirm.

The relevant facts and procedural history are as follows.  On June 16, 2018, at approximately 1:30 a.m., Michael Karas ("complainant") was in an alley outside of a bar in Philadelphia.  The complainant consumed several drinks that evening and was relieving himself in the alley when Carter and Carter's codefendant, Shariem Houston, approached him.  Carter demanded that the complainant turn over whatever he had on his person.  The complainant gave Carter his cell phone and his wallet.  Carter then punched the complainant in the face and ran away with Houston.

_____

[1] 18 Pa.C.S.A. §§ 3701(a)(iv), 903(a), 3921(a), 3925(a), and 2701(a)(1).

The complainant walked to his apartment, and upon his arrival at approximately 2:00 a.m., his roommate called the police. Around 3:50 a.m., a police officer arrived at the complainant's apartment, and the officer began tracking the complainant's stolen cellphone using the "Find My iPhone" application. The officer tracked the phone to a Wawa convenience store at 201 South Broad Street in Philadelphia. The officer then radioed two officers on patrol near the Wawa, Officers Mark Strange and Charles Harding, and asked them to go inside the Wawa and listen for a "ping" sound that was generated by the "Find My iPhone" application.

Officer Strange went inside the Wawa and he heard the "ping" coming from inside Carter's pocket. Officer Strange asked Carter how he acquired the iPhone. Officer Strange then notified Carter that he was not free to leave, and that the he was under investigation. Carter told Officer Strange that he did not do this alone, and that his codefendant, Houston, stole the iPhone. At this point, Officer Harding secured Houston inside the store, and notified him that he was under investigation as well.

The officer who initially tracked the iPhone brought the complainant to the Wawa around 5:00 a.m. Officer Strange and Officer Harding brought Carter and Houston outside of the store one at a time for the complainant to identify them. The complainant told the officers that Carter and Houston were the two men that robbed him in the alley earlier that night.

Carter was arrested and charged with robbery, conspiracy to commit robbery, theft by unlawful taking, receiving stolen property, and simple

assault. A bench trial was conducted on October 29, 2018, and the trial court convicted Carter of all charges. The trial court sentenced Carter to an aggregate term of six to twelve years of incarceration. Carter filed a timely notice of appeal on January 10, 2019. Subsequently, Carter filed a post-sentence motion challenging the weight of the evidence and requesting a new trial. On January 18, 2019, the trial court denied Carter's motion.

Carter raises the following issues for our review:

1. Whether the evidence was insufficient to sustain the verdict.

2. Whether the trial court abused its discretion and committed reversible error when the court denied [Carter's] post-sentence motion for a new trial, ruling that the verdict was not against the weight of the evidence.

Carter's Brief at 9.

Carter's first issue challenges the sufficiency of the evidence supporting his convictions for robbery, criminal conspiracy, theft, receiving stolen property, and simple assault. When analyzing whether the evidence was sufficient to support a conviction, this Court must "view the evidence in the light most favorable to the Commonwealth as the verdict winner in order to determine whether the jury could have found every element of the crime beyond a reasonable doubt." *Commonwealth v. Thomas*, 215 A.3d 36, 40 (Pa. 2019). "The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented." *Commonwealth v. Brown*, 52 A.3d 320, 323

(Pa. Super. 2012). "Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." **Commonwealth v. Vargas**, 108 A.3d 858, 867 (Pa. Super. 2014) (*en banc*). Additionally, this Court cannot "re-weigh the evidence and substitute our judgment for that of the fact-finder." **Id**. A challenge to the sufficiency of the evidence presents a pure question of law and, as such, our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Jacoby**, 170 A.3d 1065, 1076 (Pa. 2017).

Under 18 Pa.C.S.A. § 3701(a)(1)(iv), "[a] person is guilty of robbery if, in the course of committing a theft, he inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of imminent bodily injury."

Under 18 Pa.C.S.A. § 903(a), an individual commits criminal conspiracy with another person where he:

> (1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or
>
> (2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

Under 18 Pa.C.S.A. § 3921(a), "[a] person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof."

Under 18 Pa.C.S.A. § 3925(a), a person is guilty of receiving stolen property "if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner."

Finally, pursuant to 18 Pa.C.S.A. § 2701(a)(1), a person is guilty of simple assault if he "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another."

Specifically, Carter claims that the evidence was insufficient to support his convictions for the aforementioned crimes "because the credible evidence did not prove that [he] was the perpetrator." Carter's Brief at 16. Carter argues that the complainant failed to provide specific details regarding Carter's "facial hair, tattoos, or other identifying features." *Id*. at 17. According to Carter, the complainant's "minimal, tenuous, and equivocal identification testimony" merely suggested that the perpetrators were two black guys in dark clothes, and the complainant was only "fairly" certain that Carter was the perpetrator. *Id*. at 16. Carter contends that such testimony fails to prove his identity beyond a reasonable doubt. *Id*.

When determining whether a particular identification is reliable, this Court has recognized that:

> Evidence of identification need not be positive and certain to sustain a conviction. Although common items of clothing and general physical characteristics are usually insufficient to support a conviction, such evidence can be used as other circumstances

- 5 -

to establish the identity of a perpetrator. Out-of-court identifications are relevant to our review of sufficiency of the evidence claims, particularly when they are given without hesitation shortly after the crime while memories were fresh. Given additional evidentiary circumstances, any indefiniteness and uncertainty in the identification testimony goes to its weight.

**Commonwealth v. Kinney**, 157 A.3d 968, 971 (Pa. Super. 2017), *appeal denied*, 170 A.3d 971 (Pa. 2017) (citations omitted).

Here, the complainant identified Carter as the perpetrator of the crime on the night the incident occurred, and at trial. **See** N.T. Trial, 10/29/18, at 56. Moreover, the complainant's identification testimony was corroborated by circumstantial evidence, including the fact that Carter was apprehended by police only a short distance away from the scene of the crimes, within hours after the crimes occurred, and with the complainant's stolen cell phone in his pocket. **See id**. at 9, 10. Viewing the direct and circumstantial evidence in the light most favorable to the Commonwealth, we agree with the trial court that there was sufficient evidence to establish that Carter was the perpetrator of the crimes beyond a reasonable doubt. **See Commonwealth v. Valentine**, 101 A.3d 801, 806 (Pa. Super. 2014) (holding that there was sufficient evidence to prove the assailant's identity where the complainant identified the appellant as the assailant shortly after the crime occurred, at the preliminary hearing, and at trial, and the complainant's purse was found

in a dumpster outside of the appellant's apartment).[2] Accordingly, Carter's first issue entitles him to no relief.

Carter's second issue challenges the trial court's refusal to grant his post-sentence motion requesting a new trial because the verdict was against the weight of the evidence. Before analyzing the merits of Carter's claim, we must first determine whether he preserved it for our review. Pennsylvania Rule of Criminal Procedure 607 provides that:

> (A) A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:
>
>> (1) orally, on the record, at any time before sentencing;
>>
>> (2) by written motion at any time before sentencing; or
>>
>> (3) in a post-sentence motion.

Pa.Crim.P. Rule 607(A)(1)-(3).

Here, Carter did not raise his weight claim either orally or by written motion prior to sentencing. Thus, he did not satisfy Rule 607 (A) (1) or (2).

Although, he raised a weight claim in a post-sentence motion, critically, Carter filed this motion after he filed his notice of appeal. Pursuant to Pa.R.A.P. 1701(a), "[e]xcept as otherwise prescribed by these rules, after an

---

[2] To the extent that Carter argues that the trial court, as fact-finder, should have believed his claim that he bought the cell phone from his codefendant, and that the complainant's identification testimony was too inconsistent or vague to be believable, "[s]uch claims are directed entirely to the credibility of the victim's testimony, and, as such, challenge the weight, not the sufficiency, of the evidence." **Commonwealth v. Kinney,** 157 A.3d 968, 972 (Pa. Super. 2017), *appeal denied*, 170 A.3d 971 (Pa. 2017).

appeal is taken . . . the trial court or other governmental unit may no longer proceed further in the matter." Thus, where an appellant files a motion with the trial court *after* filing his notice of appeal, the trial court no longer has jurisdiction to consider the motion. *See Commonwealth v. Cramer*, 195 A.3d 594, 609 (Pa. Super. 2018).[3]

In the instant matter, Carter failed to comply with any of the options under Rule 607 to preserve his weight of the evidence claim. Accordingly, we find this issue waived. *See Commonwealth v. Washington*, 825 A.2d 1264, 1266 (Pa. Super. 2003) (holding that pursuant to Pa.R.Crim.P. Rule 607 a claim that the verdict was against the weight of the evidence must be raised initially by a motion to the trial court, and appellant's failure to do so compels us to find the issue waived regardless of whether the trial court addressed the merits of the claim).

Judgment of sentence affirmed.

---

[3] Although the trial court issued a ruling denying Carter's post-sentence motion on the merits, it lacked jurisdiction to do so. *See Commonwealth v. Hairston*, 470 A.2d 1004, 1006 (Pa. Super. 1984); *see also Commonwealth v. Smith*, 390 A.2d 1315, 1316-17 (Pa. Super. 1978) (holding that where an appellant files a petition to withdraw a guilty plea after filing his notice of appeal, that petition is a nullity; the lower court may no longer proceed, and the appellate court is foreclosed from reaching the merits of the petition).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/19