J-S18025-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEVINE STEVEN ANDRE EDWARDS | : | |
| | : | |
| Appellant | : | No. 958 WDA 2024 |

Appeal from the PCRA Order Entered June 19, 2024
In the Court of Common Pleas of Cambria County Criminal Division at
No(s):  CP-11-CR-0000855-2022

BEFORE:   DUBOW, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                   **FILED:  September 23, 2025**

Appellant Devine Steven Andre Edwards appeals from the order denying his Post Conviction Relief Act[1] (PCRA) petition.  Appellant argues that the PCRA court erred in rejecting his claim that his guilty plea was not knowing or voluntary because the Department of Corrections (DOC) has failed to honor his agreed-upon sentence.  After careful review, we affirm on the basis of the PCRA court's opinion.

We adopt the PCRA court's summary of the facts underlying this case. *See* PCRA Ct. Op., 10/18/24, at 1-4.  Briefly, Appellant was charged with aggravated assault and related charges in 2022.  *Id.* at 1-2.  In 2023, he entered a negotiated guilty plea to aggravated assault.  *Id.* at 1-2.  In

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S. §§ 9541-9546.

exchange, the Commonwealth agreed to recommend a sentence of eighteen to seventy-two months' incarceration and to *nolle prosse* the remaining charges. **Id.** On January 31, 2023, the trial court sentenced Appellant to the agreed-upon sentence and noted that he would be eligible for the state drug treatment program (SDTP) and state motivational boot camp. **Id.** at 3. Appellant did not file a direct appeal. **Id.**

On January 11, 2024, Appellant filed a *pro se* PCRA petition. The PCRA court appointed PCRA counsel, who filed an amended petition on Appellant's behalf. Therein, Appellant claimed that his guilty plea was not knowing or voluntary because he agreed to plead guilty based on his belief that he would be admitted to SDTP. Following a hearing, the PCRA court concluded that Appellant was not credible and denied Appellant's petition. **See id.** at 7-8.

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court issued a Rule 1925(a) opinion addressing Appellant's claims.

On appeal, Appellant raises the following issue for review:

> Whether the [PCRA] court erred in denying Appellant's [PCRA petition] averring that his guilty plea was not knowingly, voluntarily and intelligently entered into as same was induced by representations that [A]ppellant would receive a specific sentence which [h]as not been honored by the Pennsylvania Department of Corrections?

Appellant's Brief at 4.

Appellant claims that trial counsel was ineffective for advising Appellant that he would be eligible for the SDTP if he pled guilty to aggravated assault.

- 2 -

*Id.* at 14. Specifically, Appellant argues that he "took the plea offer as outlined to him, *i.e.*, serve a sentence of 18 to 72 months with eligibility for [SDTP]," but that, "upon being sent to SCI Camp Hill, after his sentencing, he was advised that he was not eligible for the program due to the nature of the crime to which he pled guilty, *i.e.*, a crime of violence, which was not what was represented to him at the time of plea discussions." *Id.* at 14.[2]

> In reviewing the denial of a PCRA petition, our standard of review
>
> is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.
>
> Furthermore, to establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.
>
> \*   \*   \*
>
> Boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective. Moreover, a failure to satisfy

---

[2] We note that "[w]here the record shows that a proper colloquy was conducted before the defendant entered his guilty plea, the burden is on the defendant to show that the plea was not intelligent and voluntary[.]" *Commonwealth v. Warren*, 399 A.2d 773, 775 (Pa. Super. 1979) (citations omitted and some formatting altered).

any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.

***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043-44 (Pa. Super. 2019) (citations omitted and formatting altered).  Additionally, "[c]ounsel cannot be found ineffective for failing to pursue a baseless or meritless claim." ***Commonwealth v. Davis***, 262 A.3d 589, 596 (Pa. Super. 2021) (citation omitted).

Following our review of the record, the parties' briefs, and the PCRA court's analysis, we affirm on the basis of the PCRA court's opinion.  ***See*** PCRA Ct. Op. at 4-8.  As noted previously, the PCRA court concluded that Appellant's testimony was not credible and that he did not enter his plea based on the belief that he would be eligible for SDTP.  ***See id.*** at 7-8.  Therefore, we discern no error of law in the PCRA court's conclusions.  ***See Sandusky***, 203 A.3d at 1043-44.  Accordingly, we affirm.

Order affirmed.  Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 9/23/025

- 4 -

IN THE COURT OF COMMON PLEAS OF CAMBRIA COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

FILED FOR RECORD

2024 OCT 18 P 3: 04

CLERK OF COURTS
CAMBRIA COUNTY

COMMONWEALTH OF
PENNSYLVANIA,

vs.

DEVINE STEVEN ANDRE EDWARDS,

Defendant.

* No. CP-11-CR-0000855-2022
*
*
* Opinion Pursuant to Rule of
* Appellate Procedure 1925(a)(1)
*
*
*

# Opinion Pursuant to Rule of Appellate Procedure 1925(a)(1)

**Krumenacker, S.J.:** Devine Steven Andre Edwards (Edwards) appeals from the denial of his

Amended Petition for Post-conviction Relief pursuant to the Post-conviction Relief Act

(PCRA) on June 19, 2024, following a hearing held June 18, 2024. In his Concise Statement

of Errors Complained of on Appeal (Concise Statement), Edwards raises a single allegation of

error:

1) Did the Court err in denying the Defendant's PCRA Petition, as the record shows

that the guilty plea was not knowingly, voluntarily, and intelligently entered as he

was induced by the promise of a specific sentence that has not been honored?

For the following reasons the appeal should be dismissed.

# CASE HISTORY

On September 22, 2022, Edwards was charged by way of a Criminal Information as

follows:

Count 1 - Person Not to Possess, Use, Manufacture, Control, Sell or Transfer
Firearm, 18 Pa. C.S. § 6105(a)(1);



EXHIBIT

B

Count 2 - Aggravated Assault, 18 Pa. C.S. §2702(a)(1);

Count 3 - Aggravated Assault, 18 Pa. C.S. § 2702(a)(1);

Count 4 - Aggravated Assault, 18 Pa. C.S. § 2702(a)(4);

Count 5 - Aggravated Assault, 18 Pa. C.S. §2702(a)(1);

Count 6 - Firearms Not to be Carried Without License, 18 Pa. C.S. § 6106(a)(1); and,

Count 7 - Tamper with or Fabricating Physical Evidence, 18 Pa. C.S. § 4910(1).

Criminal Information filed 9/22/22.

Edwards was initially offered a plea with a negotiated sentence of two (2) to four (4) years incarceration which he rejected. On November 3, 2023, the Court directed, as requested by plea counsel, Arthur McQuillan (McQuillan), Esquire, that the Cambria County Probation Office prepare sentencing guidelines to aid in plea negotiations. On January 17, 2023, Edwards entered into a negotiated guilty plea to Count 4 - Aggravated Assault, a felony of the second degree, with the Commonwealth agreeing to recommend a sentence of eighteen (18) to seventy-two (72) months incarceration and agreeing to *nol pros* all remaining charges thirty-one (31) days after sentencing unless an appeal was filed. N.T. 1/17/23; Guilty Plea Explanation of Defendant's Rights (Pleader's Memorandum) filed 1/17/23; and Disposition Under Rule 590(B) of the Rules of Criminal Procedure Form (Plea Agreement) filed 1/17/23. There was no other agreement as to sentence or any other matter. Id. The Court directed that an updated presentence investigative report (PSI) be prepared and scheduled sentencing for January 31, 2023. N.T. 1/17/23 p. 3.

On January 31, 2023, Edwards was sentenced to: pay the costs of prosecution; pay three hundred ($300) dollars to the Special Administrative Fund; and serve eighteen (18) to

seventy-two (72) months incarceration in a state correctional facility. N.T. 1/31/23 pp. 3-4. In addition, Edwards found to: not be Recidivism Risk Reduction Incentive (RRRI) eligible; be eligible for the state drug treatment program (SDTP); and be eligible for state motivational boot camp. Id. No appeal was filed.

On January 11, 2024, the Defendant filed a pro se Petition for Post-conviction Collateral Relief (PCRA), and by Order entered January 17, 2024, Richard Corcoran (Corcoran), Esquire, was appointed to represent the Defendant. An Amended PCRA was filed March 1, 2024, asserting the sole claim that Edwards' guilty plea was not knowing and voluntary as it was premised on his belief that he would be admitted to the SDTP.

A hearing on the Amended PCRA was held June 18, 2024. At the hearing Edwards testified that he only accepted the plea based on his belief that he would be accepted into the SDTP. N.T. 6/18/24 pp. 5-7, 13, 17-18. He further testified that: he wanted to take the first plea that offered two (2) to four (4) years incarceration; he does not want a long tail; he did not want to start over with negotiations or risk trial; he did not recall McQuillan telling him that acceptance into the SDTP was solely up to the Department of Correction (DOC) regardless of his guidelines indicating he was eligible. Id. pp. 4-19. In addition, Edwards admitted that: he learned he was not accepted into the SDTP in June 2024 due to his offense being a crime of violence; he was up for parole in January 2024; he was denied parole due to a drug related misconduct; he was not eligible for parole again until January 2025; there was nothing in his Plea Agreement or stated at his guilty plea hearing concerning admission to the SDTP; and that he did not file for PCRA relief until after he was denied parole. Id.

McQuillan testified that: there were two plea offers; he requested the guideline calculation after the first plea was rejected by Edwards to have a better understanding of

Edwards possible sentences given his extensive record as an aid in negotiations; Edwards seemed concerned with having a short minimum sentence and was not concerned about the length of the tail; he was able to negotiate the shorter minimum with the longer tail even though it was below the guidelines; the guidelines indicated Edwards was SDTP eligible; and he told Edwards several times that although the guidelines indicated he was SDTP eligible it was ultimately up to the DOC whether he would be accepted regardless of what the Court said at sentencing. Id. pp. 20-30.

At the close of the June 18th hearing, Edwards sought to withdraw the Amended PCRA since, if it were granted, he would be placed back to square one and either have to negotiate a new plea or face trial neither of which was an outcome he desired. Id. pp. 32-38. The Court then conducted a colloquy with Edwards who indicated that he wished to withdraw the Amended PCRA given the risks he would face if it was granted. Id. pp 33-36. The Court denied the withdraw request based on Edwards past of changing his mind on various issues and instead indicated that it would likely deny the petition which would provide Edwards time to consider his options after consulting with counsel. Id. p. 36-38. The Amended PCRA was denied on June 19, 2024, and this timely appeal followed.

# DISCUSSION

In his sole allegation of error Edwards asserts that the Court erred in denying his Amended PCRA where his plea was not entered voluntarily based on his having been deceived into accepting the plea by the promise he would be admitted to the SDTP.

Our Supreme Court has explained a petitioner's threshold burden under the PCRA as follows

Preliminarily, in order to qualify for relief under the PCRA, a petitioner must establish, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the enumerated errors in 42 Pa. C.S. § 9543(a)(2); that his claims have not been previously litigated or waived; and that the failure to litigate the issue prior to or during trial or on direct appeal could not have been the result of any rational, strategic, or tactical decision by counsel. Id. § 9543(a)(3), (a)(4).

Commonwealth v. VanDivner, 644 Pa. 655, 665–66, 178 A.3d 108, 114 (2018). One seeking post-conviction relief on the basis of an alleged unknowing or involuntary guilty plea bears the burden of proving by a preponderance of the evidence that the plea was involuntary and unknowingly entered. Commonwealth v. Carter, 318 Pa. Super. 252, 264, 464 A.2d 1327, 1334 (1983) (citing Machibroda v. United States, 368 U.S. 487, 493, 82 S.Ct. 510, 513, 7 L.Ed.2d 473 (1962)) ("[a] guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void").

With regard to the voluntariness of a plea, a guilty plea colloquy must "affirmatively demonstrate the defendant understood what the plea connoted and its consequences." Commonwealth v. Lewis, 708 A.2d 497, 501 (Pa. Super. 1998). Once the defendant has entered a guilty plea, "it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him." Commonwealth v. Bedell, 954 A.2d 1209, 1212 (Pa. Super. 2008). See also, Commonwealth v. Willis, 68 A.3d 997, 1002 (Pa. Super. 2013). Where the record shows that a proper colloquy was conducted before the defendant entered his guilty plea the burden is on the defendant to show that the plea was not intelligent and voluntary. See, Commonwealth v. Ingram, 455 Pa. 198, 316 A.2d 77 (1974); Commonwealth ex rel. West v. Rundle, 428 Pa. 102, 237 A.2d 196 (1968). Finally, the determination of whether the plea was knowing and voluntary is necessarily a factual matter to be resolved by

the trial court. Commonwealth v. Johnson, 460 Pa. 303, 333 A.2d 739 (1975); Commonwealth v. Gray, 317 Pa. Super. 248, 251, 463 A.2d 1179, 1180 (1983).

Edwards entered his plea following completion of a written plea colloquy and an oral colloquy by the Court. Pleader's Memorandum filed 1/17/23; Plea Agreement filed 1/17/23; N.T. 1/17/23. During the oral colloquy, Edwards indicated that: he understood the terms of his plea agreement; understood his right to trial; he had ample opportunity to discuss the option of plea versus trial with McQuillan; he was satisfied with McQuillan's work; he understood what he was doing; he was entering his plea voluntarily and of his own free will; no promises had been made that were not in the written plea agreement; and no threats had been made. N.T. 1/17/23 pp. 2-4.

Other than his own self-serving testimony at the PCRA hearing, Edwards offered no evidence to contradict his statements made at his guilty plea hearing that: he fully understood what he was doing by entering his plea; his plea was voluntary; and no one had made any threats or promises related to sentencing other than the agreed upon sentence of eighteen (18) to seventy-two (72) months. In sum, Edwards' testimony fails to establish that he did not enter a knowing and voluntary plea as a review of the plea colloquy makes clear Edwards understood the charge he was pleading to along with the sentence, and thus his plea is presumed to have been entered knowingly and voluntarily. Bedell, 954 A.2d at 1212. See also, Ingram, *supra*; Rundle, *supra*.

It is well settled that "[a] person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." Commonwealth v. Pollard, 832 A.2d 517, 523 (Pa. Super. 2003). See also, Commonwealth v. Brown, 48 A.3d

1275, 1277 (Pa. Super. 2012). Here, as discussed *supra*, Edwards indicated at the plea hearing that he fully understood what he was doing, that no threats were made to him, that he was satisfied with McQuillan's work, and that he was entering his plea voluntarily. N.T. 1/17/23. Since there is no evidence of record supporting Edwards's claim that he was coerced into accepting the plea he is bound by his statements made in open court at the plea hearing and thus there is no merit to his claim that his plea was involuntary. Pollard, 832 A.2d at 522-25. See also. Commonwealth v. Pier, 182 A.3d 476 (Pa. Super. 2018); Commonwealth v. McGarry, 172 A.3d 60, 67 (Pa. Super. 2017).

Further, it appears from the long delay between Edwards learning he was denied admission into the SDTP in June 2023 and his filing of the PCRA in January 2024 that his real motivation in seeking PCRA relief is not because he was misled into accepting the plea offered but is an effort to avoid the consequences of his drug related misconduct. The incident PCRA was not filed until after Edwards was denied parole based on this misconduct and he learned he would not be eligible to seek parole again until January 2025. It is the opinion of the Court, based on Edwards' repeated statements that he wanted to take the first plea offered and be resentenced to two (2) to four (4) years, that he sought PCRA relief in hopes that he would be immediately resentenced allowing him to seek parole and avoid the consequences of his misconduct as it would be applicable to his now vacated sentence. This information, coupled with Edwards' last minute request to withdraw his Amended PCRA, causes the Court to doubt the credibility of Edwards' testimony that he only accepted the plea because he believed he would be accepted into the SDTP and that he cannot recall McQuillan advising him that decisions concerning acceptance into the SDTP were solely within the province of

the DOC. The Court will not permit an inmate to seek to avoid the consequences of their actions via PCRA relief.

Accordingly, there is no merit to Edwards's argument and for the forgoing reasons the appeal should be dismissed and the Court's order of June 19, 2024, should be affirmed.

Respectfully submitted,

_____
Norman A. Krumenacker, III, S.J.

October 18, 2024

FILED FOR RECORD
2024 OCT 18 P 3: 04
CLERK OF COURTS
CAMBRIA COUNTY PA

COPIES TO:
PS
Mail

- ☐ DEF.   ☐ C & F
- ☑ DA    ☐ SHERIFF
- ☑ ATTY  ☐ OTHER
- ☐ PO
- ☐ PD
- ☐ JAIL
- ☐ JUDGE
- ☐ CA