J-S13028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PAUL A. BROWN | |
| Appellant | No. 1798 EDA 2016 |

Appeal from the PCRA Order May 25, 2016
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0002030-2014

BEFORE:  BENDER, P.J.E., LAZARUS, J., and FITZGERALD, J.[*]

JUDGMENT ORDER BY LAZARUS, J.:           **FILED APRIL 18, 2017**

Paul Brown appeals from the order, entered in the Court of Common Pleas of Monroe County, denying his petition for collateral relief filed under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46 ("PCRA").  Upon review, we affirm

On September 3, 2014, Brown attacked his wife after she rebuffed his sexual advances.  When the couple's son came to his mother's aid, Brown retrieved a machete and attacked him, cutting his arm and leg.  Brown then attacked his wife with the machete as she and their son ran down the street to escape.  Brown's wife suffered a laceration to her head and a partially amputated finger.  Brown fled into the woods; he was apprehended three

_____

[*] Former Justice specially assigned to the Superior Court.

days later and charged with two counts of attempted homicide and related offenses.

Brown entered a guilty plea to attempted homicide-serious bodily injury with respect to the attack on his wife, and aggravated assault-serious bodily injury for his attack on his son. Following a written guilty plea colloquy and an on-the-record oral colloquy, the court accepted Brown's plea. On July 28, 2015, the court sentenced Brown to fifteen to forty years' incarceration. Brown did not file post-sentence motions or a direct appeal.

On February 4, 2016, Brown filed a *pro se* PCRA petition; the PCRA court appointed counsel. Counsel filed an amended petition on Brown's behalf on March 8, 2016, The PCRA court held a hearing and, on May 25, 2016, denied Brown's petition for relief. This appeal followed.

Brown raises one issue for our review:[1]

> Whether the [PCRA] court erred by finding that trial counsel's actions and inaction in connection with [Brown's] entry of his guilty plea did not cause [Brown] to enter an involuntary or unknowing plea?

Appellant's Brief, at 4.

---

[1] In his PCRA petition and in his concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), Brown also raised counsel's ineffectiveness for failing to file a direct appeal. *See* Amended PCRA Petition, 3/8/16, at ¶5. Although the PCRA court addressed this issue in its Rule 1925(a) opinion, Brown has abandoned that claim in his brief on appeal. *See* Pa.R.A.P. 2116.

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. Our review is limited to determining whether the findings of the PCRA court are supported by the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012). To establish ineffectiveness of counsel in the context of a guilty plea, Brown must demonstrate that counsel's ineffectiveness caused him to enter an involuntary or unknowing guilty plea. ***Commonwealth v. Lutz***, 424 a.2d 1302, 1305 (Pa. 1981).

After careful review of the record, the parties' briefs and the relevant case law, we conclude that President Judge Margherita Patti-Worthington's opinion accurately and thoroughly addresses the merits of Brown's claim on appeal. ***See*** PCRA Court Opinion, 5/25/16, at 4-8. Brown's claim that he was "confused" and believed he was entering a plea to two counts of aggravated assault, is contradicted by the record. Accordingly, we affirm the PCRA court's May 25, 2016 order on the basis of that decision. We direct the parties to attach a copy of the PCRA court's Rule 1925(a) Opinion in the event of further proceedings in this case.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>4/18/2017</u>

COURT OF COMMON PLEAS OF MONROE COUNTY
FORTY-THIRD JUDICIAL DISTRICT
COMMONWEALTH OF PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA     : 2030 CR 2014

            vs.                         :

                                            :

PAUL BROWN,                       :

        Defendant.             : POST-CONVICTION
                                            : COLLATERAL RELIEF

## OPINION

This matter comes before the Court on Paul Brown's ("Defendant") Petition for Post-Conviction Collateral Relief. The underlying facts and procedural history are summarized as follows:

On September 3, 2014, police were called to a residence in Coolbaugh Township, Monroe County, to investigate an alleged assault. Upon arrival, police were informed that Diana Brown and her son, Matthew Brown, were assaulted with a machete by Defendant, Diana's husband and Matthew's father. During this assault, Diana suffered a laceration to her head and a severed finger and Matthew sustained cuts to his arm and leg.

Defendant was charged by Criminal Information with two counts of Attempted Homicide,[1] four counts of Aggravated Assault,[2] two counts of Terroristic Threats,[3] four counts of Simple Assault,[4] and two counts of Recklessly Endangering.[5] Robert Saurman, Esq., was court-appointed to represent Defendant and on April 29, 2015, Defendant pleaded guilty to one count each of Attempted Homicide and Aggravated Assault. On July 28, 2015, Defendant was

---

[1] 18 Pa. C.S.A § 901(a).
[2] § 2702(a)(1), (4).
[3] § 2706(a)(1).
[4] § 2701(a)(1), (3).
[5] § 2705.

1

sentenced to 15 to 40 years incarceration for the Attempted Homicide and 5 to 10 years for the Aggravated Assault, run concurrently. The remaining charges were *nolle prossed* and no post-sentence motions or direct appeal were filed.

On February 11, 2016, we received a *pro se* Motion for Reconsideration *Nunc Pro Tunc*. As Defendant's time for post-sentence motions had clearly run, see Pa.R.Crim.Pro. 720(A)(1), we treated Defendant's *pro se* Motion as a *pro se* Petition for Post-Conviction Collateral Relief. We appointed Brian Gaglione, Esq., to represent Defendant in his PCRA and directed him to file an Amended PCRA. We received the Amended Petition on March 8, 2016, and the Commonwealth's Answer on March 9, 2016. In the Amended Petition, Defendant avers that Attorney Saurman was ineffective as plea counsel which resulted in Defendant's plea being unlawfully induced. Defendant asks that we allow him to withdraw his plea and proceed to trial. In the alternative, Defendant asks that we reinstate his appellate rights, *nunc pro tunc*, as he alleges Attorney Saurman was ineffective for failing to appeal Defendant's sentence.

On April 4, 2016, we held a hearing on Defendant's Petition and ordered briefs to be filed by counsel on or before May 2, 2016. We timely received the Commonwealth's brief, however, as of the date of this Opinion, we have yet to receive a brief from defense counsel. After review of Defendant's Amended PCRA Petition, the testimony and evidence from the hearing, and the Commonwealth's Answer and brief, we are ready to dispose of this matter.

## DISCUSSION

In his Petition, Defendant avers that the guilty plea he entered was "unlawfully induced" because he was "under the impression that he would be pleading to two separate counts of Aggravated Assault, and not a single count of Aggravated Assault and a single count of Attempted Homicide." Def.'s Amended PCRA Pet., ¶ 4(b)(i) [hereinafter "Def.'s PCRA,

2

¶ ____."]. Further, Defendant argues he was under said impression "due to discussions he had with his attorney, Robert Saurman, Esq., prior to taking his plea." *Id.* at ¶ 4(b)(ii). Defendant also contends that he sent letters to Attorney Saurman "expressing confusion as to what he had actually pled guilty to, and confusion regarding what his sentence could be." *Id.* at ¶ 4(b)(iii).

The Commonwealth responds that Attorney Saurman provided effective assistance to Defendant during the plea process. Com.'s Br., p. 3. To support its argument, the Commonwealth points to the written plea offer and Defendant's executed guilty plea form as well as the transcripts from Defendant's guilty plea hearing and sentencing. *Id.* Moreover, the Commonwealth avers that Attorney Saurman also provided effective counsel regarding Defendant's direct appeal because Defendant did not carry his burden to prove that he requested said appeal and that Attorney Saurman disregarded that request. *Id.* at p. 4 (citing *Commonwealth v. Lantzy*, 736 A.2d 570–72 (Pa. 1999)).

The Pennsylvania Superior Court has held that when a PCRA Petition raises both a request to reinstate appellate rights and other claims of ineffectiveness, the trial court must address the request to reinstate appellate rights first. *Commonwealth v. Miller*, 868 A.2d 578, 580 (Pa. Super. 2005). If this request is meritorious and the defendant's appellate rights are reinstated, the trial court "may address, but not 'reach' the merits of any remaining claims." *Id.* Thus, despite Defendant arguing in the alternative for reinstatement of his appellate rights, we address this issue first.

As with all PCRA claims, Defendant has the burden of proof by a preponderance of the evidence. *See* 42 Pa. C.S.A. § 9543(a). In order to prove ineffective assistance of counsel, Defendant must show (1) the issue is of arguable merit; (2) counsel's act or omission did not have a reasonable basis in effectuating Defendant's interests; and (3) counsel's ineffectiveness

3

worked to Defendant's prejudice. *Commonwealth v. Pierce*, 645 A.2d 189, 194–95 (Pa. 1994) (citation omitted). When assessing whether counsel was ineffective regarding a defendant's appellate rights, we are to use the same standards. *See Commonwealth v. Lantzy*, 736 A.2d 564, 570–72 (Pa. 1999). "[W]here there is an unjustified failure to file a requested direct appeal, the conduct of counsel falls beneath the range of competence demanded of attorneys in criminal cases." *Id.* at 572.

After careful review of the record, we find that Defendant is not entitled to reinstatement of his appellate rights because Defendant did not carry his burden to prove he requested the appeal. *See Lantzy*, 736 A.2d at 570–72. At Defendant's PCRA hearing, Attorney Saurman credibly testified that he did not file a direct appeal because Defendant did not request it. Attorney Saurman indicated that he did not believe an appeal of Defendant's sentence would have been successful, however, had Defendant requested such an appeal, he would have filed it regardless of the merits. Defendant testified that he did request an appeal but that Attorney Saurman did not comply with said request.

Defendant pleaded guilty on April 29, 2015, and was sentenced on July 28, 2015. At the PCRA hearing, Defendant presented Exhibit 3 to support his allegation that he requested an appeal. Def.'s Ex. 3, PCRA Hearing, p. 1 (original letter dated November 2, 2015, asking "What is the status of the appeal and can you send me a copy?"). However, at the sentencing hearing, this Court explained Defendant's appellate rights to him, including the time in which he had to file an appeal of his sentence. Notes of Testimony, Sentencing, 7/28/15, pp. 10–11 [hereinafter "N.T., Sentencing, p. ___."]. According to the evidence presented by Defendant, he did not

4

attempt to contact his attorney[6] regarding an appeal until nearly three months after he was sentenced despite being aware that he only had 30 days to file an appeal. Defendant's version of events regarding his requested appeal is not credible. Thus, we find that he has not met his burden to show he requested a direct appeal. *See Lantzy*, 736 A.2d at 572. Accordingly, Defendant's request to reinstate his appellate rights, *nunc pro tunc*, is DENIED.

Having addressed and denied defendant's request to reinstate his appellate rights, we may now address the merits of whether Defendant's plea was unknowing and involuntary due to ineffectiveness of counsel. *See Miller*, 868 A.2d at 580.

As stated above, ineffective assistance of counsel claims are analyzed under the four-pronged *Pierce* test. *Pierce*, 645 A.2d at 194–95. "A failure to satisfy any one prong of the test for ineffectiveness will result in this Court's rejection of the claim." *Commonwealth v. Bishop*, 936 A.2d 1136, 1139 (Pa. Super. 2007) (citation omitted). "The standard for post-sentence withdrawal of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea counsel." *Commonwealth v. Flanagan*, 854 A.2d 489, 502 (Pa. 2004). "If a reasonable basis exists for the particular course chosen by counsel, the inquiry ends and counsel's performance is deemed constitutionally effective." *Commonwealth v. Lauro*, 819 A.2d 100, 106 (Pa. Super. 2003) *called into doubt on other grounds by Commonwealth v. Ford*, 44 A.3d 1190, 1198–99 (Pa. Super. 2012).

Generally, once a defendant pleads guilty, we assume he was aware of his actions and thus "the burden of proving involuntariness is upon him." *Commonwealth v. Willis*, 68 A.3d 997, 1002 (Pa. Super. 2013). Defendant must show his plea resulted in "prejudice on the order of manifest injustice" to be allowed to withdraw it post-sentence. *Commonwealth v. Jones*, 596

---

[6] We would note that Exhibit 3 is an original letter with no accompanying envelope or post mark. Indeed, Defendant presented no evidence that he ever sent this, or any other, letter to Attorney Saurman. Such an absence of evidence is yet another reason why we find Defendant's version of events incredible.

5

A.2d 885, 889 (Pa. Super. 1991). A post-sentence attempt to withdraw a plea "must sustain this more substantial burden because of the recognition that a plea withdrawal can be used as a sentence testing device." *Commonwealth v. Anthony*, 453 A.2d 600, 607 (Pa. Super. 1982).

Allegations of ineffective assistance of plea counsel provide a basis for withdrawal of a plea "only where there is a causal nexus between counsel's ineffectiveness, if any, and an unknowing or involuntary plea." *Commonwealth v. Flood*, 627 A.2d 1193, 1199 (Pa. Super. 1993). Whether a plea was entered knowingly and voluntarily is a factual determination. *Commonwealth v. Gray*, 463 A.2d 1179, 1180 (Pa. Super. 1983). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002) (quotation omitted). If counsel's advice was not within that range of competence, only then must we determine whether "it is reasonably probable that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have gone to trial." *Id.*

After careful review of the record, we find that Defendant is not entitled to post-sentence withdraw of his guilty plea. Defendant's testimony given and exhibits presented at the PCRA hearing allege that Defendant was "confused" as to which charges he pleaded guilty. *See, e.g.*, Def.'s Ex. 2, PCRA Hearing. Defendant avers he believed he was pleading guilty to two counts of Aggravated Assault and not Attempted Homicide and Aggravated Assault. Other evidence, however, blatantly contradicts such a contention. At Defendant's plea colloquy, this Court asked Defendant if he reviewed and signed his guilty plea form, to which he indicated that he did. Notes of Testimony, Guilty Plea, 4/29/2015, p. 8 (a group colloquy where the Court asked "Did each of you review this [guilty plea] form with your attorney and sign where it says Defendant's

signature?" and "[a]ll Defendants responded in the affirmative"); p. 9 (Defendant was asked individually whether he reviewed his guilty plea form, to which he responded "Yes, I did.") [hereinafter "N.T., Guilty Plea, p. ___."]. After the factual recitation, this Court asked Defendant "[D]id you on September 3rd swing a machete at Ms. Brown in an attempt to kill her and cause lacerations to her and amputation of a finger . . . ," to which he indicated that he did. N.T., Guilty Plea, p. 10. Thereafter, this Court accepted Defendant's guilty plea to Attempted Homicide. *Id.* On cross examination at the PCRA Hearing, Defendant testified that he remembered this exchange and that the Court said "Attempted Homicide." Furthermore, Defendant stated he remembered pleading guilty to said charge.

At the PCRA Hearing, Defendant presented Exhibit 2: a letter dated July 10, 2015, where he inquires of Attorney Saurman "Why was the charge change [*sic*] from assault to attempted homicide?" Def.'s Ex. 2, PCRA Hearing. However, at his sentencing on July 28, 2015, Defendant spoke to the Court, expressed remorse for his actions, and never stated anything regarding confusion about his guilty plea. N.T., Sentencing, p. 7.

Attorney Saurman credibly testified at the PCRA Hearing that he fully discussed and explained, on more than one occasion, Defendant's guilty plea and sentencing possibilities prior to the plea hearing. Furthermore, Attorney Saurman testified that whenever he spoke to Defendant about the guilty plea, although not necessarily pleased, he understood what the plea entailed. In discussing the guilty plea with Defendant, Attorney Saurman went over the possible incarceration Defendant faced if he were to take this case to trial. Moreover, Attorney Saurman negotiated with the Commonwealth in an attempt to bring both charges down to Aggravated Assault and stated this may have been the source of Defendant's initial confusion. Nevertheless, Attorney Saurman indicated that at the time of the plea, Defendant understood what he would be

7

pleading guilty to and that the plea was open with no agreement on sentencing. Defendant was further reminded of the openness of his plea at the guilty plea colloquy. N.T., Guilty Plea, pp. 7–8.

Based on the above information, we find that Defendant has failed to meet his burden with respect to involuntariness of his plea. *See Willis*, 68 A.3d at 1002. The credible evidence suggests Defendant understood exactly what his plea was and that he voluntarily entered into said plea. Defendant's discontent with this Court's sentence has no bearing on the voluntariness of his plea as guilty pleas are not meant to be used as sentence-testing devices. *See Anthony*, 453 A.2d at 607. Furthermore, we find that Attorney Saurman's advice regarding said plea was effective. *See Hickman*, 799 A.2d at 141. Attorney Saurman explained the plea and the accompanying sentencing possibilities to Defendant and testified that Defendant understood these consequences. Moreover, Attorney Saurman explained that Defendant's plea was open and that while they might hope for a certain sentence, there was no guarantee this Court would impose said sentence. Again, simply because this Court did not impose the sentence Defendant wanted is of no consequence to Attorney Saurman's effectiveness as Attorney Saurman's advice was within the range of competence demanded of attorneys in criminal cases. *See id.* Accordingly, Defendant's request to withdraw his guilty plea and petition for post-conviction collateral relief is DENIED.

Having decided all issues before us, we enter the following order:

## COURT OF COMMON PLEAS OF MONROE COUNTY
## FORTY-THIRD JUDICIAL DISTRICT
## COMMONWEALTH OF PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA     : 2030 CR 2014

      vs.

PAUL BROWN,
           Defendant.

: POST-CONVICTION
: COLLATERAL RELIEF

## ORDER

**AND NOW,** this 25th day of May, 2016, upon consideration of Defendant's Amended Petition for Post-Conviction Collateral Relief, and after a review of the testimony and evidence from the hearing in this matter, Defendant's Petition is **DENIED.**

Defendant is advised he has **thirty (30) days** from the date of this Order within which to file an appeal with the Superior Court of Pennsylvania.

BY THE COURT:



MARGHERITA PATTI-WORTHINGTON, P.J.

cc: Kimberly Metzger, Esq., ADA
      Brian Gaglione, Esq., Counsel for Defendant
      Paul Brown, Defendant
      Clerk of Courts
      MPW2016-0020

1