453 A.2d 1029

**COMMONWEALTH of Pennsylvania**

v.

**Walter MOORE, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 29, 1982.

Filed Dec. 17, 1982.

---

Steven Berk, Philadelphia, for appellant.

Jane Culter Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, WICKERSHAM and CIRILLO, JJ.

SPAETH, Judge:

This is an appeal from a judgment of sentence imposed after appellant entered a plea of guilty to a charge of robbery in the third degree. 18 Pa.C.S.A. § 3701(b) (1973). The sentence imposed was not less than one year nor more than seven years in prison. Appellant argues that this sentence was excessive. Since the record does not include a transcript of the sentencing proceedings, we remand.

—1—

The Commonwealth argues that appellant has waived his right to challenge his sentence because he did not file a motion to modify the sentence, as prescribed by Pa.R.Crim.P. 1410. However, appellant did not waive his right to challenge his sentence unless he knew that he had such a right, and he will not be deemed to have known that he had such a right unless the lower court told him that he did and also, told him how he could exercise his right. *See* *Commonwealth v. Aldinger*, 292 Pa.Super. 149, 436 A.2d 1196 (1981); *Commonwealth v. Stufflet*, 291 Pa.Super. 516, 436 A.2d 235 (1981).

As transmitted to us, the record does not include a transcript of the sentencing proceeding. Accordingly, we do

not know whether the lower court told appellant of his right to file a motion challenging the propriety of his sentence. Pa.R.Crim.P. 1405(c)(2). It is the Commonwealth's burden to prove that appellant has waived his right to challenge his sentence. *Commonwealth v. Sweitzer,* 261 Pa.Super. 183, 395 A.2d 1376 (1978). Given the absence of a transcript of the sentencing proceeding, the Commonwealth has not met its burden.

–2–

In imposing sentence, the sentencing court must, of course, impose a sentence that falls within the statutory sentencing range prescribed for the particular offense. Appellant does not argue, nor could he, that the lower court exceeded the statutorily authorized maximum sentence for robbery in the third degree, which is seven years. 18 Pa.C.S.A. § 1103(3) (1973).

The sentencing court has additional responsibilities: the court must have before it information relating to the sentencing guidelines set forth in 42 Pa.C.S.A. § 9701–81 (1982); the court must apply those guidelines, *Commonwealth v. Wicks,* 265 Pa.Super. 305, 401 A.2d 1223 (1979); *Commonwealth v. Doyle,* 275 Pa.Super. 373, 418 A.2d 1336 (1979); *see also* 42 Pa.C.S.A. §§ 9721, 9725 (1982); and the court must state on the record the reasons for its sentence, *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977); Pa.R.Crim.P. 1405(b).

Appellant does not argue that the lower court did not state its reasons for the sentence; he only argues that the sentence was excessive, which is to say, that it did not conform to the sentencing guidelines. However, given the absence of a transcript of the sentencing proceeding, we cannot appraise this argument.

–3–

We have concluded that fairness, both to appellant and the Commonwealth, requires that we remand for further proceedings. On remand, one of two situations will arise.

First, it may appear that stenographic notes of the sentencing proceeding were not made. In that event, the lower court shall vacate appellant's sentence and conduct a new sentencing proceeding.

Second, it may appear that the stenographic notes of the sentencing proceeding were made. In that event, the lower court shall have the notes transcribed forthwith. Should the transcribed notes reveal that appellant was not advised at the sentencing proceeding of his right to file a motion to modify the sentence, the lower court shall so advise him, and the case shall proceed accordingly. If, however, the transcribed notes reveal that appellant was advised of his right to file a motion to modify the sentence, no further sentencing proceedings shall occur. However, appellant may within 30 days of the date of notice to him that the transcript of the sentencing proceedings has been filed with the lower court file a new appeal, so that another panel of this court may consider both his argument that the sentence was excessive and the Commonwealth's argument that appellant has waived his right to argue that the sentence was excessive.

The case is remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.