484 A.2d 406

**COMMONWEALTH of Pennsylvania**

v.

**Ronald F. FORD a/k/a Harold F. Ford, Appellant.**

Superior Court of Pennsylvania.

Submitted June 22, 1984.

Filed Nov. 9, 1984.

---

* We refer of course to insurance which satisfies the statutory minimum amount.

400

Judith A. Calkin, Harrisburg, for appellant.

Katherene E. Holtzinger, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before DEL SOLE, POPOVICH and ROBERTS, JJ.

POPOVICH, Judge:

This is an appeal from an order of the Court of Common Pleas of Dauphin County by Ronald F. Ford, appellant, which denied appellant relief under the Post Conviction Hearing Act[1] without a hearing. On January 13, 1974, appellant pled guilty to two counts of robbery pursuant to a plea agreement. He was immediately sentenced to two terms of not less than four and one-half years nor more than ten years to run concurrently to be computed from the date of his arrest. (S.T. at 6) Post-verdict motions were not filed nor was a direct appeal perfected. We reverse the order of the lower court and remand for an evidentiary hearing.

Appellant asserts four claims: (1) his guilty plea was not knowing, intelligent and voluntary,[2] (2) he was improperly sentenced because the record reflects the incorrect date of his arrest; (3) he was denied effective assistance of counsel because counsel failed to assert appellant's speedy trial rights and (4) he was denied effective assistance of counsel in that counsel advised and thereby induced him to plead guilty on the promise of a far lesser sentence than that which appellant received.

The lower court found these claims to have been waived because of the lengthy delay in filing a petition under the Post Conviction Hearing Act; and the Commonwealth erroneously asserts that this court is bound to evaluate the delay and the reasons therefor before assessing the merits of appellant's contentions. A delay, however, is merely one factor to be included in the overall

---

1. Act of May 13, 1982, P.L. 417, No. 122, § 2, 42 Pa.C.S.A. § 9541, *et seq.*

2. Appellant claims, *inter alia*, that he was denied his right to allocution; the record appears to support this contention.

assessment of the merits of the claims raised. *Commonwealth v. Gray*, 317 Pa.Super. 248, 463 A.2d 1179 (1983), *Commonwealth v. Bolding*, 315 Pa.Super. 444, 462 A.2d 278 (1983), *Commonwealth v. Courts*, 315 Pa.Super. 124, 461 A.2d 828 (1983), *Commonwealth v. Courts*, 315 Pa.Super. 108, 461 A.2d 820 (1983), *Commonwealth v. Kale*, 312 Pa.Super. 69, 458 A.2d 239 (1983), *Commonwealth v. Strickland*, 306 Pa.Super. 516, 452 A.2d 844 (1983).

The Act states

§ 9549. Hearing on petition

(a) When required.—If a petition alleges facts that, if proven, would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer.

(b) When not required.—The court may deny a hearing if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence submitted by the petitioner. The court may also deny a hearing on a specific question of fact when a full and fair evidentiary hearing upon that question was held at the original trial or at any later proceeding.

■ With respect to appellant's claim that his plea was not knowing and voluntary, we observe that he has failed to raise this issue in the context of ineffectiveness which would have precluded waiver. *Commonwealth v. Bolding*, *supra*, *Commonwealth v. Zakrzewski*, 460 Pa. 528, 333 A.2d 898 (1975). However, at the sentencing proceeding, appellant was never informed of his right to file post-verdict motions or a petition to withdraw his guilty plea, which was the proper method to attack its validity. *Commonwealth v. Zakrzewski, supra*. Therefore, we are precluded from finding conclusive waiver. *Commonwealth v. Brandon*, 485 Pa. 215, 401 A.2d 735 (1971), *Commonwealth v. Arndt*, 269 Pa.Super. 578, 410 A.2d 852 (1979), *Commonwealth v. Phillips*, 264 Pa.Super. 174, 399 A.2d 723 (1979).

■ In borderline cases, a petition should be given "every conceivable legitimate benefit" in favor of the grant

of a hearing. *Commonwealth v. Reider,* 267 Pa.Super. 359, 406 A.2d 1081 (1979). If the reviewing court cannot tell from the record whether petitioner's claims are frivolous and without support, it is necessary to remand for an evidentiary hearing. *Commonwealth v. Gray, supra, Commonwealth v. Swift,* 299 Pa.Super. 77, 445 A.2d 156 (1982). Even where we have a record of the plea colloquy, we have recognized petitioner's right to present additional evidence where the record did not clearly refute his claim. *Commonwealth v. Rusinko,* 303 Pa.Super. 216, 449 A.2d 656 (1982). The determination of whether a plea was knowing and voluntary is a factual matter to be resolved by the trial court. *Commonwealth v. Johnson,* 460 Pa. 303, 333 A.2d 739 (1979).

 Moreover, the record is unclear with respect to the date of appellant's arrest and whether his sentence was properly computed.[3] Appellant's claim that ineffectiveness of counsel caused a waiver of his speedy trial rights cannot be deemed patently frivolous, and a reasonable basis for counsel's actions is properly cognizable in an evidentiary proceeding below.[4] Although Rule 1100 was not promulgated until after appellant's sentence was imposed, "[i]n all criminal prosecutions the accused hath a right to ... a speedy public trial." Art. I, § 9 Pennsylvania Constitution, *see Commonwealth v. Hamilton,* 449 Pa. 297, 297 A.2d 127 (1972). Before the legislative enactment of Rule 1100,

---

**3.** Appellant was sentenced to four and one-half years from May 23, 1974. The judge was apparently attempting to sentence appellant so that appellant's sentence would run from the date of his arrest. The only evidence before us relating to the date of the arrest is the prosecuting officer's statement that the arrest occurred on May 23, 1973. Failure to file a motion to modify when appellant was never apprised of his right to do so precludes waiver. *Commonwealth v. Moore,* 307 Pa.Super. 560, 453 A.2d 1029 (1982), *Commonwealth v. Walker,* 298 Pa.Super. 387, 444 A.2d 1228 (1982). Moreover, where a sentence is claimed to be illegal, an appellate court should review such contention on its merits. *Commonwealth v. Mathis,* 317 Pa.Super. 362, 464 A.2d 362 (1983); *Devillars v. Commonwealth,* 61 Pa.Comwlth. 274, 433 A.2d 604 (1981), *Commonwealth v. Ford,* 315 Pa.Super. 281, 461 A.2d 1281 (1983). Where a correction of the judgment of sentence is required, this court may either remand for resentencing or amend the sentence directly. *Commonwealth v. Eberts,* 282 Pa.Super. 354, 422 A.2d 1154 (1980).

**4.** Claims of ineffectiveness are before the court where raised at the first available opportunity. *Commonwealth v. Carroll,* 306 Pa.Super. 152, 452 A.2d 260 (1982).

minimum standards applicable to Pennsylvania were contained in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) in which the court applied a balancing test.

We, therefore, remand for an evidentiary hearing on any claims raised by appellant not waived or finally litigated.

Order reversed and remanded. Jurisdiction relinquished.