J-S64010-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DAVID ROGER LOOMIS | : | |
| | : | |
| Appellant | : | No. 123 WDA 2019 |

Appeal from the PCRA Order Entered December 20, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002775-2014

BEFORE:   BOWES, J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.:                     **FILED MARCH 27, 2020**

David Roger Loomis appeals from the December 20, 2018 order dismissing his petition pursuant to the Post-Conviction Relief Act ("PCRA"). We affirm in part, vacate in part, and remand to the PCRA court for further proceedings consistent with this memorandum.

As a result of the nature of our holding, we will only briefly review the factual history of this case.  Appellant's convictions resulted from his long-term sexual abuse of his cousins, K.R. and G.B. (collectively, "the victims"), which was disclosed to the Erie Police Department in February 2014, several years after the assaults occurred.  ***See Commonwealth v. D.R.L.***, 161 A.3d 381 (Pa.Super. 2017) (unpublished memorandum at 2).  Appellant was

_____

[*] Retired Senior Judge assigned to the Superior Court.

arrested and charged with various offenses in connection with K.R.'s allegations of abuse. No charges were filed with respect to G.B.'s allegations due to the statute of limitations having expired, but G.B.'s testimony was admitted at trial pursuant to Pa.R.E. 404(b). *Id.* at 3.

Following a two-day trial, Appellant was convicted of rape of a person less than thirteen years old, two counts of involuntary deviate sexual intercourse ("IDSI") with a person less than thirteen years old, sexual assault, two counts of indecent assault of a person less than thirteen years old, corruption of a minor, and endangering the welfare of children ("EWOC"). *Id*. at 1, 3. Ultimately, Appellant was sentenced to an aggregate term of twenty-one to forty years of incarceration. On direct appeal, this Court affirmed Appellant's judgment of sentence. *Id*. at 10.

On January 24, 2018, Appellant filed a timely *pro se* PCRA petition. On May 22, 2018, Appellant filed an amended PCRA petition via PCRA counsel that raised, *inter alia*, the alleged ineffectiveness of trial counsel. The PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907(1). Appellant filed a response to the PCRA court's Rule 907(1) notice. On December 20, 2018, the PCRA court dismissed Appellant's claims of ineffectiveness without a hearing.[1]

_____

[1] Appellant devoted a significant portion of the instant PCRA petition to arguing against the imposition of registration requirements pursuant to Pennsylvania's Sex Offender Registration and Notification Act ("SORNA"). ***See***

Appellant filed a timely notice of appeal. The PCRA court did not order Appellant to file a concise statement of errors pursuant to Pa.R.A.P. 1925(b), but filed an opinion relying upon the reasoning presented in its August 17, 2018 order and opinion giving notice of the PCRA court's intent to dismiss Appellant's petition without a hearing.

Appellant presents the following issues for our consideration:

1. Did the PCRA court err when it dismissed, without a hearing, Appellant's claim that trial counsel was ineffective for advising [Appellant] not to testify in his own defense at trial?

2. Did the PCRA court err when it dismissed, without a hearing, Appellant's claim that trial counsel was ineffective for not cross-examining G.B. as to whether he continued to visit Appellant's home and attend family functions for years after the alleged offenses?

3. Did the PCRA court err when it dismissed, without a hearing, Appellant's claim that trial counsel was ineffective for not objecting to the imposition of an aggravated range sentence for [EWOC] when the offense gravity score already adjusted for a "course of conduct"?

Appellant's brief at 6.

_____

Amended PCRA Petition, 5/22/18, at ¶¶ 27-42; *see also* Response to Rule 907 Notice, 9/6/18, at ¶¶ 3-15. On December 20, 2018, the PCRA court entered an order holding that: (1) SORNA as reenacted pursuant to Act 29 of 2018 H.B. 1952 remains punitive pursuant to ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017); and (2) the imposition of SORNA's registration requirements upon Appellant violated the *ex post facto* clauses of the Pennsylvania and U.S. Constitutions. Aside from this issue, the PCRA court affirmed the remainder of Appellant's convictions and sentence *in toto*. Neither party has raised any claim respecting SORNA in this appeal. Thus, we will not address it further in this memorandum.

As a general matter, our standard of review over an order denying a petition under the PCRA requires us to determine whether the record supports the PCRA court's determination and whether the court correctly stated and applied the law. ***See Commonwealth v. duPont***, 860 A.2d 525, 529 (Pa.Super. 2004). We will not disturb the PCRA court's findings unless those findings are unsupported by the record. ***Id***.

Appellant's arguments are squarely directed towards the PCRA court's decision not to hold a PCRA hearing in this case under Rule 907, as opposed to advocating the underlying merits of the claims. ***See*** Appellant's brief at 27, 31. In pertinent part, Appellant is requesting that we remand this case for the development of a more-thorough factual record via hearing..

Pennsylvania Rule of Criminal Procedure 907 provides as follows with respect to dismissing PCRA petitions without an evidentiary hearing:

> (1) the judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal.
>
> . . . .
>
> (4) When the petition is dismissed without a hearing, the judge promptly shall issue an order to that effect . . . .

Pa.R.Crim.P. 907. "[T]here is no absolute right to an evidentiary hearing on a PCRA petition." ***Commonwealth v. Springer***, 961 A.2d 1262, 1264

- 4 -

(Pa.Super. 2008). Thus, a PCRA court may decline to hold a hearing on a PCRA petition if the claims included therein are patently frivolous or lack support from either the record or other evidence. **See duPont**, **supra** at 530. On appeal, our task is to examine each of the issues in light of the record to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without a hearing. **See Commonwealth v. Jordan**, 772 A.2d 1011, 1014 (Pa.Super. 2001).

With respect to Appellant's first claim, he alleges that "trial counsel's advice not to testify was so unreasonable that it effectively vitiated Appellant's knowing and voluntary waiver of his right to testify." Appellant's brief at 23 (emphasis omitted). The PCRA court cursorily dismissed this claim on the grounds that Appellant had participated in a waiver colloquy prior to waiving his right to testify. **See** PCRA Court Opinion, 8/17/18, at 1.

In support of this assertion, the PCRA court cited only an unpublished case from this Court that was filed prior to May 2, 2019. Initially, we note that such a case has neither precedential nor persuasive value before this Court. **See** Pa.R.A.P. 126(b). The PCRA court did not further assess the merits of Appellant's ineffectiveness claim, but balanced its holding exclusively upon its novel interpretation of the waiver colloquy, based upon an unpublished memorandum which we are expressly prohibited from citing. **See** Superior Court IOP § 65.37(B) ("An unpublished memorandum decision filed prior to May 2, 2019, shall not be relied upon or cited by a Court . . . .").

Unfortunately, the PCRA court's holding on this point is erroneous. The mere instance of a waiver colloquy does not prevent a petitioner from later challenging the effectiveness of his attorney's advice not to testify. **See Commonwealth v. Nieves**, 746 A.2d 1102, 1103-5 (Pa. 2000) (permitting challenge to the voluntariness of decision not to testify based upon counsel's ineffectiveness despite a valid waiver colloquy); **see also Commonwealth v. Ford**, 484 A.2d 406, 409 (Pa.Super. 1984) ("Even where we have a record of the plea colloquy, we have recognized petitioner's right to present additional evidence where the record did not clearly refute his claim.").[2]

The relevant point of inquiry on this issue is **not** whether Appellant participated in a waiver colloquy, but upon the contours of the legal advice provided by trial counsel that informed Appellant's decision not to testify:

> The decision of whether or not to testify on one's own behalf is ultimately to be made by the defendant after full consultation with counsel. In order to sustain a claim that counsel was ineffective for failing to advise the appellant of his rights in this regard, the appellant must demonstrate either that counsel interfered with his right to testify, or that counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf.

**Commonwealth v. Michaud**, 70 A.3d 862, 869 (Pa.Super. 2013).

---

[2] The holding in **Commonwealth v. Ford**, 484 A.2d 406, 409 (Pa.Super. 1984), concerned a guilty plea colloquy, as opposed to a waiver colloquy. However, we believe that the principle discussed therein regarding the effect of a colloquy is equally applicable to the instant case.

In order to prevail on this point, Appellant must "plead and prove" that counsel rendered "ineffective assistance . . . which, in the circumstances of the particular case, so undermined the truth determining process such that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). "Success on a claim of ineffective assistance of counsel requires the petitioner to rebut the presumption that counsel rendered ineffective assistance." ***Commonwealth v. Williams***, 141 A.3d 440, 454 (Pa. 2016). Accordingly, Appellant is required to "prove, by a preponderance of the evidence, that (1) the claim has arguable merit[;] (2) counsel's action or inaction was not based upon a reasonable trial strategy[;] and (3) petitioner suffered prejudice because of counsel's act or omission." ***Id***. "The failure to satisfy any one of the prongs requires rejection of the petitioner's claim." ***Id***.

Appellant's argument is straightforward. He avers that trial counsel was ineffective because he suddenly advised Appellant not to testify at trial despite: (1) Appellant continually maintaining his innocence; (2) thorough preparation of Appellant's anticipated trial testimony; and (3) the Commonwealth's case hinging entirely upon the credibility of the victims. ***See*** Appellant's brief at 21. Specifically, Appellant averred that trial counsel "prepared him to testify and then vacillated as to whether or not Appellant should testify." ***Id***. at 23. As such, Appellant avers that trial counsel's advice denied him the opportunity to testify as to his own innocence by challenging the victims' version of events and underlying credibility. ***Id***. at 26 (citing

*Commonwealth v. Neal*, 618 A.2d 438, 440-41 (Pa.Super. 1992) (holding counsel was ineffective where the defendant's "decision to forego testifying on his own behalf was not an informed decision reached after full consultation with counsel" in a case that "turned primarily on the credibility of the victim")).

At this juncture, we note that "[w]here it can not be determined from the record whether a satisfactory basis for counsel's action exists, an evidentiary hearing is usually needed to allow counsel to explain his or her actions so that we can resolve the issue of whether counsel's performance was unreasonable and, if so, prejudicial." *Commonwealth v. Edmiston*, 634 A.2d 1078, 1092 (Pa. 1993), *abrogated on other grounds*, *Commonwealth v. Freeman*, 827 A.2d 385 (Pa. 2003). A PCRA petitioner "should be given every conceivable legitimate benefit in favor of the grant of a hearing. If the reviewing court cannot tell from the record whether petitioner's claims are frivolous and without support, it is necessary to remand for an evidentiary hearing." *Ford*, *supra* at 408-9 (internal citations and quotations omitted).

The transcript of the waiver colloquy relied upon by the PCRA court is silent as to any discussions Appellant may have had with trial counsel concerning his decision not to testify. *See* N.T. Trial, 10/22/15, at 28-29. It also does not reveal what trial counsel's rationalization for this advice might have been. *Id*. Beyond trial counsel acknowledging that he had discussed this issue "at length" with Appellant, no further information is present to facilitate our review. *Id*. Our review of the remaining certified record has

revealed no other additional information regarding trial counsel's advice to Appellant on this point. As a result of the PCRA court's dismissal without a hearing, we do not have the benefit of trial counsel's testimony explaining his reasons for suddenly advising Appellant not to testify.[3]

Our role is **not** to engage in an *ad hoc* assessment of the ultimate merits of Appellant's claim for relief, but to determine whether any "genuine issues of material fact" remain unresolved with respect to the PCRA court's decision to dismiss Appellant's petition without an evidentiary hearing. *See Jordan*, *supra* at 1014. Based on the foregoing, we believe that material issues of fact persist with respect to Appellant's first claim. The PCRA court's reliance upon an unpublished memorandum was erroneous, and our review indicates that Appellant's first claim presents arguments that would benefit from an evidentiary hearing. *See Nieves*, *supra* at 1103-5; *Neal*, *supra* at 440-41. As such, we will vacate that portion of the PCRA court's order that dismissed Appellant's first claim without an evidentiary hearing.

Appellant's second issue alleges that trial counsel was also ineffective by failing to cross-examine G.B. regarding alleged inconsistencies in his testimony. Specifically, Appellant avers that he provided trial counsel with

---

[3] We are particularly mindful that "the most important witness for the defense in many criminal cases is the defendant himself." *Rock v. Arkansas*, 483 U.S. 44, 52 (1987). "Even more fundamental to a personal defense than the right of self-representation . . . is an accused's right to present his own version of events in his own words." *Id*.

information that could have been utilized to impeach G.B., namely that: (1) G.B. had continued to attend some family functions after the assaults took place; and (2) G.B. visited Appellant's home during his teenaged years. In its opinion, the PCRA court concluded that trial counsel's apparent decision not to utilize this information "did not prejudice [Appellant] to the point [that] he did not receive a fair trial." PCRA Court Opinion, 8/17/18, at 2.

The legal standards governing our review of this issue are the same as those discussed above. With particular reference to Appellant's request for an evidentiary hearing, our Supreme Court has stated that "[w]here the record reflects that the underlying claim is of no arguable merit or no prejudice resulted, no evidentiary hearing on an ineffective assistance claim is required." **Commonwealth v. Pirela**, 726 A.2d 1026, 1037 (Pa. 1999).

At trial, G.B. testified that he would regularly spend time at Appellant's house during his childhood. **See** N.T. Trial, 10/21/15, at 21-23. However, as a result of Appellant's abuse and the resulting psychological toll, G.B. testified that he eventually began distancing himself from Appellant and the rest of his extended family:

> You know, it started to get more and more sparse the times I would go over there, and eventually I just distanced myself completely. As I started to get into high school years and stuff like that, it got really awkward so I eventually quit going over to his house. And then every so often [Appellant would] be at another family event at a relative's house so then eventually I just quit going to my family's house altogether.

*Id*. at 32-33. Despite "distancing" himself, G.B. testified that he still occasionally attended family events and had encountered Appellant at such a "random party." *Id*. at 33-34. On cross-examination, Appellant's trial counsel did not raise any questions regarding these statements. *Id*. at 38-52.

Even assuming, *arguendo*, that trial counsel was in possession of information indicating that G.B. continued to attend family events after the abuse concluded and had visited Appellant's house when he was "17 or 18," we fail to see how that information is inconsistent with G.B.'s testimony above. G.B. testified that his relationship with Appellant and his extended family began to become "really awkward" during his "high school years." *Id*. at 32. As a result of this escalating discomfort, Appellant "eventually" stopped going to Appellant's home and his "family's house." *Id*. at 32-33.

G.B. never testified that he had stopped visiting Appellant's house altogether before the age of 18, and he never stated that he completely stopped attending family events. To the contrary, G.B.'s testimony suggests both that he continued to spend time at Appellant's home during his "high school years" and that he continued to participate in family events. Notwithstanding Appellant's averments, the information allegedly in trial counsel's possession was consistent with G.B.'s version of events and did not constitute a valid basis for impeachment.

Overall, Appellant has failed to demonstrate either arguable merit or prejudice. *See Commonwealth v. Smith*, 181 A.3d 1168, 1182-84

(Pa.Super. 2018) (holding that petitioner failed to establish either arguable merit or prejudice where the alleged impeachment evidence not utilized by counsel did not undermine the witness's testimony and did not establish the petitioner's innocence). Even giving Appellant every legitimate benefit of the doubt, his second ineffectiveness claim presents no issues of material fact. As such, we affirm that portion of the PCRA court's order dismissing Appellant's second claim without a hearing. **Accord Jordan**, **supra** at 1014.

Appellant's third claim asserts that trial counsel was ineffective for failing to object to the aggravated-range minimum sentence imposed by the trial court on Appellant's conviction for EWOC. **See** Appellant's brief at 31-34. This charge was graded as a third-degree felony because it involved "a course of conduct of endangering the welfare of a child." 18 Pa.C.S. § 4304(b)(1)(ii); **see also** N.T. Trial, 10/22/15, at 93. This grading had the effect of increasing the offense gravity score ("OGS") from five to six. **See** 204 Pa. Code § 303.15. Given Appellant's lack of a prior record score, this increase in OGS expanded Appellant's minimum aggravated-range sentence from restorative sanctions to twelve months, to nine to eighteen months. **See** 204 Pa. Code § 303.16(a) ("Basic Sentencing Matrix").

The trial court imposed a minimum sentence at the top of this aggravated range. **See** N.T. Sentencing, 1/26/16, at 28 (sentencing Appellant to a consecutive sentence of eighteen to thirty-six months as to EWOC charge). During sentencing, the trial court recounted the multitude of factors

it considered in crafting Appellant's sentence, and made the following statement: "[Appellant] will now be given the following sentence by the Court, which will be in the aggravated range of the sentencing guidelines, mainly because it involved a course of conduct with a young child over a significant number of years." *Id*. at 26.

Appellant's argument asserts that trial counsel provided ineffective assistance by failing to challenge the trial court allegedly erroneous reference to Appellant's "course of conduct" in imposing an aggravated-range sentence. *See* Appellant's brief at 33. Specifically, Appellant avers that this factor had already been included in the sentence as a result of the grading of the EWOC charge, and that trial counsel should have objected. *Id*. In support of this argument, Appellant cites this Court's holding in *Commonwealth v. Shugars*, 895 A.2d 1270 (Pa.Super. 2006), wherein we stated the following with respect to sentencing:

> It is impermissible for a court to consider factors already included within the sentencing guidelines as the **sole** reason for increasing or decreasing a sentence to the aggravated or mitigated range. Trial courts are permitted to use prior conviction history and other factors already included in the guidelines **if, they are used to supplement other extraneous sentencing information.**

*Id*. at 1275 (emphasis in original) (quoting *Commonwealth v. Simpson*, 829 A.2d 334, 339 (Pa.Super. 2003)).

The PCRA court rejected this argument:

> A review of the [trial court's] sentencing remarks reveal that the [trial court] thoroughly considered a plethora of factors in sentencing [Appellant]. Courses of conduct in general do not take

- 13 -

into account the age of the child during the crime[,] or the number of times or years included in each specific crime. This course of conduct was unique to this case and encompassed all of the other considerations the Court mentioned in its sentencing.

PCRA Court Opinion, 8/17/18, at 2. The PCRA court concluded that this claim was meritless and, consequently, held that trial counsel could not be deemed ineffective for failing to pursue it. *See Commonwealth v. G.Y.*, 63 A.3d 259, 265 (Pa.Super. 2013) ("Counsel cannot be deemed ineffective for failing to pursue a meritless claim."). We agree.

A review of the transcript of the trial court's statements indicate that the trial court referred to Appellant's "course of conduct" by way of considering the age of the victim, and the extended period of time over which the abuse took place. *See* N.T. Sentencing, 1/26/16, at 26. Assuming, *arguendo*, that referring to Appellant's "course of conduct" constitutes reliance upon "other factors already included in the guidelines," the trial court was only utilizing that factor as a vehicle to "supplement other extraneous sentencing information," *e.g.*, the age of the victim and the long period of abuse. *Accord Shugars*, *supra* at 1275. As such, the trial court did not err in imposing an aggravated-range minimum sentence and trial counsel cannot be deemed ineffective for declining to raise a meritless claim. *Accord B.Y.*, *supra* at 265. Therefore, we discern no lingering issue of material fact in this claim, and affirm the PCRA court's dismissal of this claim without a hearing.

Based on the foregoing discussion, we vacate only that portion of the PCRA court's December 20, 2018 order that dismissed Appellant's claim for

alleged ineffectiveness based upon trial counsel advising Appellant not to testify at trial. All other aspects of the order are affirmed. On remand, we direct the PCRA court to hold an evidentiary hearing regarding Appellant's claim of ineffectiveness identified immediately above.

Order vacated in part and affirmed in part. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/27/2020