J-S28011-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RASHON A. SOLICE | : | |
| | : | |
| Appellant | : | No. 1584 EDA 2020 |

Appeal from the PCRA Order Entered July 23, 2020
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0001220-2016

BEFORE: BOWES, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.: Filed: October 13, 2021

Rashon A. Solice appeals from the July 23, 2020 order dismissing his petition pursuant to the Post-Conviction Relief Act ("PCRA"). We affirm in part, vacate in part, and remand with instructions.

We glean the following facts from the certified record. On December 19, 2015, Appellant stabbed another man in the chest following an argument in Upper Darby, Delaware County, Pennsylvania. The wound was serious and necessitated emergency surgery to save the victim's life. The victim named Appellant as his attacker and two eyewitnesses also separately identified Appellant from two different photographic arrays. Appellant's paramour at the time, Nicole McNeil, also witnessed the stabbing. Appellant was charged with attempted first-degree murder, aggravated assault, recklessly

---

[*] Retired Senior Judge assigned to the Superior Court.

endangering another person ("REAP"), possessing an instrument of crime, simple assault, and harassment.

Ultimately, Appellant entered a negotiated guilty plea to aggravated assault. In exchange for Appellant's guilty plea, the Commonwealth dropped the remaining charges and recommended a sentence of nine to twenty years of incarceration. On July 18, 2017, the trial court accepted Appellant's guilty plea following a full colloquy and imposed the sentence recommended by the Commonwealth. No direct appeal was filed.

On July 18, 2018, Appellant filed a timely *pro se* PCRA petition. PCRA counsel was appointed to represent Appellant. Thereafter, the PCRA court granted counsel several extensions in which to file an amended PCRA pleading on Appellant's behalf. On April 13, 2020, PCRA counsel filed a petition to withdraw and a "no merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). Shortly thereafter, the PCRA court granted counsel's motion to withdraw and issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907(1).

Appellant filed multiple timely *pro se* responses to the PCRA court's Rule 907 notice asserting, *inter alia*, that his plea had been unlawfully coerced by the Commonwealth. **See** *Pro Se* Amended Petition for PCRA Relief, 4/27/20, at ¶ 7(a) ("The guilty plea was involuntary because the prosecution threaten[ed] to charge [Appellant's] mother, Diane Solice, unless [Appellant] pled guilty."); **see also** *Pro Se* Memorandum, 4/27/20, at 1-7; *Pro Se*

Response to Rule 907 Notice, 6/12/20, at 1-11. Appellant also claimed that he had a viable claim of self-defense that was overlooked by trial counsel and the trial court. *See Pro Se* Amended Petition for PCRA Relief, 4/27/20, at ¶ 8. Appellant requested an evidentiary hearing as to these allegations.

On July 23, 2020, the PCRA court dismissed Appellant's petition without holding a hearing. Appellant filed a timely *pro se* notice of appeal to this Court. After receiving an extension of time in which he secured private representation, Appellant filed a timely concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court submitted an opinion pursuant to Rule 1925(a).[1]

Appellant has raised two issues for our consideration:[2]

_____

[1] In its initial opinion pursuant to Pa.R.A.P. 1925(a), the PCRA court concluded that Appellant's Rule 1925(b) statement was so vague that it resulted in waiver of all claims for relief. *See* PCRA Court Opinion, 10/27/20, at 1-2. Appellant filed an application for remand to file an amended Rule 1925(b) statement, which this Court granted. *See* Order, 11/23/20, at 1. This order also directed the PCRA court could file a supplemental opinion. Both Appellant and the trial court submitted amended filings pursuant to Rule 1925.

[2] These claims were not included in Appellant's initial PCRA petition. Furthermore, the PCRA court did not explicitly grant Appellant leave to amend his petition pursuant to Pa.R.Crim.P. 905(A). However, the PCRA court accepted numerous *pro se* filings from Appellant, considered the issues raised therein, and only thereafter dismissed the pending PCRA petition. Accordingly, we will construe the PCRA court as having granted Appellant leave to amend his petition under Rule 905(A). *See Commonwealth v. Boyd*, 835 A.2d 812, 816 (Pa.Super. 2003) (holding that where a PCRA court denied a petition to amend, but later accepted and considered the amended filing on its merits, the PCRA court "effectively allowed Appellant to amend his petition to include those issues presented in the supplement" pursuant to Rule 905(A)). Thus, these claims were properly preserved before the PCRA court.

1. Did the PCRA court abuse its discretion in dismissing the PCRA petition and denying Appellant's request for an evidentiary hearing as Appellant was coerced to plead guilty due to the belief that his mother would be arrested if he did not plead guilty?

2. Did the PCRA court abuse its discretion in dismissing the PCRA petition and denying Appellant's request for an evidentiary hearing as Appellant was not properly advised as to a potential defense, mainly what is commonly known as "stand your ground"?

Appellant's brief at 6 (cleaned up).

The scope and standard of our review over the determinations of the PCRA Court are well-established:

Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa 2015) (cleaned up).

Where a petitioner challenges the PCRA court's decision to deny a request for an evidentiary hearing, "[a] reviewing court on appeal must examine each of the issues raised . . . in light of the record to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing." *Commonwealth v. duPont*, 860 A.2d 525, 530 (Pa.Super. 2004). "There is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA

court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." ***Commonwealth v. Springer***, 961 A.2d 1262, 1264 (Pa.Super. 2008).

Appellant's first claim for relief implicates the voluntariness of his guilty plea and alleges that the Commonwealth coerced his guilty plea by threatening his mother with prosecution. On appeal, Appellant argues that the PCRA court should have conducted an evidentiary hearing with respect to these allegations. He also seeks to withdraw his guilty plea.

As a general matter, this claim challenging the validity of Appellant's guilty plea is cognizable under the PCRA. ***See*** 42 Pa.C.S. § 9543(a)(2)(iii). To be eligible for relief, however, Appellant must also establish that the underlying claim has not been "previously litigated or waived." 42 Pa.C.S. § 9543(a)(3). Under the PCRA, "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b).

Instantly, Appellant could have challenged the voluntariness of his guilty plea in a direct appeal to this Court, but he did not. Thus, this claim challenging the voluntariness of his guilty plea is waived. ***See*** ***Commonwealth v. Turetsky***, 925 A.2d 876, 879 (Pa.Super. 2007) (concluding that PCRA petitioner's challenge to the validity of his guilty plea was waived because could have raised the issue on direct appeal but declined to file one). Since this claim is waived, no issue of material fact persists that

would warrant an evidentiary hearing.[3] Accordingly, we discern no abuse of discretion in the PCRA court's dismissal of Appellant's petition without an evidentiary hearing as to Appellant's first issue.

Appellant's second claim for relief asserts that trial counsel's representation of Appellant was deficient because trial counsel ignored a potentially viable claim of self-defense through an "incorrect assessment" of the facts. Appellant's brief at 14. Accordingly, Appellant argues that the PCRA court should have held an evidentiary hearing on this issue.

> Our review is guided by the following axiomatic legal concepts:
>
> Counsel is presumed effective, and in order to overcome that presumption a PCRA petitioner must plead and prove that: (1) the legal claim underlying the ineffectiveness claim has arguable merit; (2) counsel's action or inaction lacked any reasonable basis designed to effectuate petitioner's interest; and (3) counsel's actions or inaction resulted in prejudice to petitioner.

**Mason**, **supra** at 618; **see also** 42 Pa.C.S. § 9545(a)(2)(ii). The failure by a petitioner to establish any prong of this test will defeat an ineffectiveness claim. **Mason**, **supra** at 618. This Court has also explained ineffectiveness claims that arise in the context of the entry of a guilty plea, as follows:

> Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the

---

[3] We also note that Appellant affirmed that he "had not been pressured, forced or threatened in any way by anyone to plead guilty . . . to these charges." Guilty Plea Statement, 7/18/17, at 4 (unpaginated). Accordingly, Appellant is now precluded from asserting that his guilty plea was the result of coercion. **See Commonwealth v. Muhammad**, 794 A.2d 378, 384 (Pa.Super. 2002).

voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. The reasonable probability test is not a stringent one; it merely refers to a probability sufficient to undermine confidence in the outcome.

*Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa.Super. 2013) (cleaned up).

Here, Appellant contends that counsel failed to advise him that he had a viable defense pursuant to 18 Pa.C.S. § 505 ("Use of force in self-protection"). *See* Appellant's brief at 14. To the contrary, Appellant avers that counsel led him to believe that he had violated a duty to retreat without having a reasonable basis for doing so. *Id*. at 14, 17. He also claims that trial counsel misinterpreted the evidence that was to be presented at trial. Thus, at bedrock, Appellant maintains he would not have entered a plea if counsel had given him accurate legal advice. *Id*. at 17.

"Where it can not be determined from the record whether a satisfactory basis for counsel's action exists, an evidentiary hearing is usually needed to allow counsel to explain his or her actions so that we can resolve the issue of whether counsel's performance was unreasonable and, if so, prejudicial." *Commonwealth v. Edmiston*, 634 A.2d 1078, 1092 (Pa. 1993), *abrogated on other grounds*, *Commonwealth v. Freeman*, 827 A.2d 385 (Pa. 2003). A PCRA petitioner "should be given every conceivable legitimate benefit in

favor of the grant of a hearing. If the reviewing court cannot tell from the record whether petitioner's claims are frivolous and without support, it is necessary to remand for an evidentiary hearing." ***Commonwealth v. Ford***, 484 A.2d 406, 408-09 (Pa.Super. 1984). "Even where we have a record of the plea colloquy, we have recognized petitioner's right to present additional evidence where the record did not clearly refute his claim." ***Id***. at 409.

Although Appellant's arguments were not a model of clarity when initially presented to the PCRA court in several *pro se* filings, these pleadings were sufficiently clear to apprise the PCRA court of the contours of Appellant's claim for relief. Furthermore, a notarized affidavit submitted by Appellant's mother also offers some corroboration that the issue of self-defense had been raised with trial counsel prior to Appellant's guilty plea. ***See*** *Pro Se* Response to Rule 907 Notice, 6/12/20, at Exhibit A-1. Aside from this document, the record is silent regarding any advice rendered to Appellant on this matter.

In the absence of any definitive evidence, we find that there are outstanding issues of material fact with respect to Appellant's second claim that would benefit from an evidentiary hearing. The focus of our inquiry is on the reasonableness of trial counsel's stewardship of Appellant's case, yet we do not have the benefit of any testimony from trial counsel explaining his reasons for allegedly advising Appellant that his claim of self-defense was without merit. Our role here is not to engage in an *ad hoc* assessment of the "ultimate merits" of the underlying claim for relief, but to determine whether

"genuine issues of material fact" persist with respect to Appellant's second claim for relief. ***See Commonwealth v. Jordan***, 772 A.2d 1011, 1014 (Pa.Super. 2001). Thus, we hold that the PCRA court abused its discretion in dismissing Appellant's second claim for relief without an evidentiary hearing.

Based on the foregoing, we vacate only that portion of the PCRA court's order dismissing Appellant's claim that trial counsel was ineffective in advising Appellant concerning a potential claim of self-defense. All other aspects of the order are affirmed. On remand, we direct the PCRA court to hold a limited evidentiary hearing as to Appellant's ineffectiveness claim noted above.

Order vacated in part and affirmed in part. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/13/21